Alejandro **BAUTISTA**, Plaintiff,

v.

**CRUISE SHIPS CATERING AND SERVICE INTERNATIONAL, N.V., Prestige Cruises N.V., and Costa Crociere, S.P.A., Defendants.**

No. 03–60160–CIV.

United States District Court, S.D. Florida.

Nov. 19, 2003.

Order Denying Motion for Reconsideration Jan. 5, 2004.

Charles R. Lipcon, Lipcon Margulies & Alsina, David H. Pollack, Miami, FL, for Alejandro Bautista, plaintiff.

Richard James McAlpin, McAlpin & Brais, Miami, FL, Russell M. Pfeifer, Fertig & Gramling, Fort Lauderdale, FL, for Cruise Ships Catering and Service International, N.V., Prestige Cruises, N.V., Costa Crociere, S.P.A., defendants.

James John Feeney, Shook Hardy & Bacon, Miami, FL, for Costa Cruise Lines, N.V., L.L.C., garnishee.

## FINAL JUDGMENT AND ORDER GRANTING MOTION TO DISMISS

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendants Cruise Ships Catering and Services International, N.V., Prestige Cruises, N.V., and Costa Crociere, S.p.A.'s Motion to Dismiss on Forum Non Conveniens Grounds [DE–46], Plaintiff Alejandro Bautista's Response [DE–54] and Appendix, [DE–55], and Defendants' Reply [DE–67]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. BACKGROUND

This action was brought by a Colombian seaman (Bautista) against Italian (Costa Crociere) and Netherlands Antilles (Prestige Cruises and Cruise Ships Catering and Service International) companies for injuries suffered while Bautista was working aboard a Italian flagged vessel, the M/V Costa Victoria ("Victoria"). The Complaint alleges claims under the Jones Act against Bautista's employer, Cruise Ships Catering and Services International, N.V., and claims for unseaworthiness against Costa Crociere (the owner of the vessel) and Prestige Cruises (the bareboat charterer). Finally, the Complaint seeks to garnish funds from Costa Cruise Lines, N.V. ("Costa Cruise"), a Florida company. Although other Costa Cruise ships visit American ports, the Victoria has infrequently visited the United States. The alleged injury to Bautista occurred on October 16, 2000 while the Victoria was port in Naples, Italy. Bautista slipped on some ice cream and fell. The accident was witnessed by Ricardo Fondino, a fellow crew member who also is from Colombia. Bautista was treated medically on the ship, in Italy and in his native Colombia.

### II. DISCUSSION

First, the Court must determine the issue of choice of law. If United States law is applicable, the Court may not dismiss the case on forum non conveniens grounds. If, however, foreign law is applicable, then the Court can exercise discretion in determining whether a forum non conveniens dismissal is appropriate. The applicability of U.S. law depends on eight (8) choice of law factors including: (1) the place of the wrongful act, (2) the law of the ship's flag, (3) the allegiance or domicile of the injured seamen, (4) the allegiance of the shipowner, (5) the place where the shipping articles were signed, (6) the accessibility of the foreign forum, (7) the law of the forum, and (8) the base of operations. *Lauritzen v. Larsen,* 345 U.S. 571, 583–92, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); *Hellenic Lines v. Rhoditis,* 398 U.S. 306, 308–09, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). These eight factors are not to be applied "mechanically," but they must be viewed in the totality of the circumstances. *Rhoditis,* 398 U.S. at 308, 90 S.Ct. 1731.

First, the place of the wrongful act factor does not weigh in favor of U.S. law because the alleged wrongful act occurred in Naples, Italy. Second, the law of the flag of the vessel, Victoria, is Italian law; therefore, this factor does not weigh in favor of U.S. law. Next, the allegiance or domicile of the injured seaman is a significant factor. *Symonette Shipyards, Ltd. v. Clark,* 365 F.2d 464, 467 (5th Cir.1966)[1], *cert. denied,* 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967). Because Bautista is a citizen of Colombia, this factor does not

---

1. The Eleventh Circuit, in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

favor U.S. law; it would favor Colombian law. Further, the allegiance of the shipowner factor does not favor U.S. law because the vessel is owned by either an Italian or Netherlands Antilles corporation. Next, the fifth factor does not weigh in favor of U.S. law either; there is no evidence that Bautista entered into an employment contract in the United States. In fact, it does not appear that Bautista has even visited the United States.

■ Next, while the fact that a plaintiff chose to file suit in this forum normally weighs in favor of U.S. law, a weaker presumption applies when the case is brought by a foreign plaintiff, as is the case here. *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir.2001). Further, it appears that Bautista can sue in other foreign fora; Defendants have stipulated to jurisdiction in either Colombia, Italy, or the Netherlands Antilles. Thus, this factor slightly favors U.S. law.

■ Finally, in examining the base of operations factor,[2] the Court must look for a substantial relation that would justify the application of U.S. law. *Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1518 (11th Cir.1985), *citing, Bailey v. Dolphin Int'l, Inc.*, 697 F.2d 1268, 1276 (5th Cir.1983). The mere fact that the bulk of a company's profits comes from U.S. pockets is insufficient alone to warrant the application of U.S. law. *Sigalas*, 776 F.2d at 1518. In *Fantome, S.A. v. Frederick*, 2003 WL 215812, 2003 AMC 275, 279 (11th Cir.2003), the Court found U.S. law applied, where every decision, not made on the ship, was made in Miami Beach. Here, it appears that the vast majority (93%) of Costa's

passengers and marketing is from outside the United States. Another Court has ruled that 20% of a company's business coming from the United States did not tip the scales in favor of U.S. jurisdiction. *Gutierrez v. Diana Investments Corp.*, 946 F.2d 455, 457 (6th Cir.1991). At best, taking a cold, objective look at the operational contacts, the degree of Costa's base of operations in the United States is disputed and is an insufficient basis for a decision to utilize U.S. law. *See Sigalas*, 776 F.2d at 1518; *but see, Szumlicz v. Norwegian America Line, Inc.*, 698 F.2d 1192 (11th Cir.1983). Thus, this factor does not weigh in favor of U.S. law.[3] Accordingly, weighing all of the choice of law factors, the Court finds that the application of U.S. law is not appropriate in this case. Italian or Colombian law would control before U.S. law.

■ Next, in conducting a forum non conveniens analysis, the Court must take into account various factors including public and private interests. The factors pertaining to the private interests of the litigation include:

> the relative ease of access to sources or proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal citations omitted). The

---

**2.** Some courts have held that the base of operations factor alone, does not warrant a U.S. choice of law determination, *Warn v. M/Y Maridome*, 169 F.3d 625, 629 (9th Cir.), *cert. denied*, 528 U.S. 874, 120 S.Ct. 179, 145 L.Ed.2d 151 (1999).

**3.** This Court declines to give Judge Freedman's decision in the state case the effect that Plaintiff suggests.

public factors bearing on the question include

the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Id.* (internal citations omitted).

First, the Court must determine whether an adequate alternate forum exists. *La Seguridad v. Transytur Line,* 707 F.2d 1304 (11th Cir.1983). A defendant's submission to the jurisdiction of an alternative forum renders that forum available for the purposes of forum non conveniens analysis. *Veba–Chemie A.G. v. M/V Getafix,* 711 F.2d 1243, 1245 (5th Cir.1983). Here, Defendants have consented to jurisdiction in any of the foreign fora. Further, there is no indication that Italy, Colombia and/or the Netherlands Antilles would afford Bautista no remedy at all. The Court declines to give the affidavit of Henry St. Dahl the weight Plaintiff desires and finds both Mr. De Gonzalo's and Mr. Romanovich's affidavits [DE–48] more persuasive. The Court does not conclude that Colombian Courts are incapable of providing their citizens with justice. Next, the Court must weigh the private interests of the parties in trying the case here rather than overseas. In the present case, medical witnesses are located in Colombia, and the medical records are in Spanish. Further, any witnesses to the incident are unlikely to be American citizens. Specifically, the ship's medical personnel are Italian. Additionally, Bautista was treated in Italy; presumably, the doctors and records are located there. Bautista was then treated in Colombia and recuperated there. Again, presumably, those witnesses are in Colombia. Thus, other than the location of some corporate records in Florida, the bulk of the evidence and witnesses are overseas. Accordingly, private interests do not favor a trial in the United States. At best, the private interests are at equipoise.

In an abundance of caution, the Court will address the public interest factors. Although this district historically has the highest criminal trial caseload of any district in the country, this Court's docket is currently under control so that Court congestion is not a major factor against trying the case here. Of course, the Court's docket could become more congested by the time this case goes to trial. Further, there is no local interest in deciding the case here. Jurors are not likely to be overly concerned about a seaman slipping in ice cream thousands of miles away. The habitual generosity of American juries is not a reason to try the case here. *Varnelo v. Eastwind Transport, Ltd.,* 2003 WL 230741 (S.D.N.Y. Feb. 3, 2003). Overall, the public factors militate in favor of a trial in another jurisdiction. In today's climate of worldwide economies and the internet, there are few companies that have no connection with the United States. However, such a connection alone is insufficient to justify the United States' becoming the Court for all tort disputes in the world. In this case, the major connection to the United States is the law practice of Plaintiff's attorneys. Unlike the plaintiffs in *Esfeld v. Costa Crociere S.P.A.,* 289 F.3d 1300 (11th Cir.2002), Bautista is not a United States citizen. Thus, there is an insufficient justification for a jury in the Southern District of Florida spending its time deciding this case. The case should be tried in Italy or Colombia.

### III. CONCLUSION

Based on the foregoing analysis, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Cruise Ships Catering and Services International, N.V., Prestige Cruises, N.V., and Costa Crociere, S.p.A.'s Motion to Dismiss on Forum Non Conveniens Grounds [DE–46] is hereby **GRANTED**;

2. The above-styled case is **DISMISSED** without prejudice to refiling in an appropriate forum; should none of the alternate fora accept this case, then it may be refiled here;

3. All other pending motions are **DENIED AS MOOT**;

4. The Clerk shall close this case.

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Plaintiff Alejandro Bautista's Motion for Reconsideration of November 18, 2003 Final Judgment and Order Granting Motion to Dismiss [DE 74], Defendants Costa Crociere S.p.A and Prestige Cruises N.V.'s Response in Opposition [DE 82], and Plaintiff's Reply [DE 85]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff Alejandro Bautista moves the Court to reconsider its Final Judgment and Order Granting Motion to Dismiss, in which the Court dismissed this case on forum non conveniens grounds. There are three major grounds that justify reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *In re: Managed Care Litigation*, No. 00–1334–MD, 2002 WL 1359734, at *1, 2002 U.S. Dist. LEXIS 11809, at *17 (S.D. Fla. June 26, 2002); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994). In order to demonstrate clear error, the movant must do more than simply restate previous arguments. *Garcia v. United States*, No. 01–985, 2002 U.S. Dist. LEXIS 23962, at *2 (S.D. Fla Nov. 4, 2002). Further, any arguments the movant failed to raise in earlier motions will be deemed waived. *Id.* Finally, reconsideration of a previous order "is an extraordinary remedy to be employed sparingly." *Sussman*, 153 F.R.D. at 694.

In the present case, the Court finds that Plaintiff has failed to show that reconsideration is justified. First, Plaintiff argues in its Motion for Reconsideration that no adequate alternative forum exists because this case involves a Supplemental Rule B attachment. However, Plaintiff failed to previously raise this argument in responding to Defendants' Motion to Dismiss. Further, Plaintiff does not cite to any case law stating that dismissal of a Rule B action on forum non conveniens grounds is inappropriate. Finally, even considering the arguments put forward in the Motion for Reconsideration, the Court affirms its finding that adequate alternative forums exist because there is no indication that Italy, Columbia, and/or the Netherlands Antilles would afford Plaintiff no remedy.

Second, in Plaintiff's Reply in support of its Motion for Reconsideration, Plaintiff states that it has attached to the Reply new evidence concerning the relationship between Carnival Corporation and the Costa Defendants and new evidence of the Costa Defendants' ties to the United States. However, besides stating that these documents are "new evidence," Plaintiff offers no explanation regarding why these documents were not available earlier. Additionally, Plaintiff has already stated in his Response to Plaintiff's Motion to Dismiss Complaint of Forum Non Conveniens Grounds that the Costa Defendants are wholly owned by Carnival

Cruise Lines and attached Carnival Corporation's 2002 Filing with the Securities and Exchange Commission in support of that contention. Plaintiff does not explain why further documentation of this same fact constitutes new evidence for the purposes of a motion for reconsideration. Therefore, the Court finds that no new evidence has been presented by Plaintiff to justify reconsideration, and this Court's Final Judgement and Order Granting Motion to Dismiss was not clear error and did not create manifest injustice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Alejandro Bautista's Motion for Reconsideration of November 18, 2003 Final Judgment and Order Granting Motion to Dismiss [DE 74] is hereby **DENIED**;

2. Plaintiff Alejandro Bautista's Request for Oral Argument on Plaintiff's Motion for Reconsideration of November 18, 2003 Final Judgment and Order Granting Motion to Dismiss [DE 76] is hereby **DENIED**.