[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11170
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-61183-CV-MGC

JESUS VELASQUEZ,

Plaintiff-Appellant,

versus

C.S.C.S. International, N.V.,
a foreign corporation,
COSTA CROCIERE, S.P.A.,
a foreign corporation, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 6, 2005)

Before ANDERSON, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Jesus Velasquez appeals the district court's order dismissing his suit based on Jones Act and general maritime claims for forum non conveniens. For the reasons that follow, we affirm the district court's order.

## I. BACKGROUND

Velasquez, a Honduran citizen and resident, was employed by Cruise Ships Catering & Service International N.V. ("C.S.C.S."). He worked on a ship named the *Costa Victoria*, which embarked from Genoa, Italy. Velasquez alleges that he was injured aboard the ship while lifting boxes of wine. During the time of his alleged injury, the *Costa Victoria* was in international waters calling on ports in the Mediterranean Sea. After receiving shoreside diagnostic testing in Genoa, Italy, Velasquez left the *Costa Victoria* on medical leave and went back to Honduras where he was treated and underwent three back operations. He also had subsequent surgery in Miami.

In a recent and very similar case, involving the same defendants, we described the corporate makeup of the defendants.

> CSCS is a Netherlands Antilles company whose only land-based office is in Curacao, Netherlands Antilles. Costa [Crociere, S.P.A. ("Costa")] is an Italian corporation, headquartered in Genoa, Italy. Through an intermediary Italian holding company, Costa is a fully owned subsidiary of Carnival Corporation, a Panamanian corporation with its principal place of business in Miami, Florida. Costa maintains no officers or employees in the United States.

2

*Membreño v. Costa Crociere S.P.A.*, No. 04-16732, 2005 WL 1767906, at *1 (11th Cir. July 27, 2005). In addition, C.S.C.S., which employed Velasquez, does not have any employees in the United States. Not only is *Membreño* factually similar, but the same attorneys representing the plaintiff and defendants, respectively, herein represented the plaintiff and defendants in *Membreño*. Because of this, it appears that the discovery conducted in one case (*Membreño* or *Valasquez*) was available for use in the other.

## II. STANDARD OF REVIEW

We reverse a district court's dismissal of a case based on forum non conveniens only for a clear abuse of discretion. *Sigalas v. Lido Mar., Inc.*, 776 F.2d 1512, 1519 (11th Cir. 1985).

## III. DISCUSSION

While here the district court's order does not go through a forum non conveniens analysis in detail, it relied upon this court's affirmance of a similar case, *Bautista v. Cruise Ships and Catering Services, Int'l*, No. 04-10335, 120 Fed. Appx. 786 (TABLE) (11th Cir. Sept. 16, 2004). *See id.* (affirming district court's order dismissing for forum non conveniens where Columbian seaman alleged injuries suffered while on the *Costa Victoria* at which time the ship was in port in Naples, Italy); *Bautista v. Cruise Ships and Catering Services, Int'l*, 350 F. Supp. 2d 987 (S.D. Fla. 2003). The *Bautista* district court, in a published order,

3

did conduct a detailed forum non conveniens analysis, 350 F. Supp. 2d at 989-991, as did this court, though unpublished, in *Membreño*, 2005 WL 1767906, at *2-4. Further, even though *Membreño* is not binding precedent in this case, it is certainly persuasive as it is directly on point. The essential facts necessary for a forum non conveniens analysis are very similar if not identical in this case to those necessary in *Bautista* and *Membreño*. Velasquez argues that the district court prematurely dismissed this case prior to discovery on the relevant issues, however, as noted, discovery on many of the same issues was conducted in the *Membreño* case and available herein.

*Membreño* and *Bautista* are persuasive here and, in accord with those cases, we conclude that the district court properly dismissed this action for forum non conveniens. The law of the United States should not apply in this case as the alleged wrongful act occurred in the Mediterranean Sea, the vessel on which Velasquez worked was foreign, Velasquez is a resident and citizen of Honduras, the shipowner, Costa, is an Italian corporation and foreign fora are accessible to Velasquez. *See Szumlicz v. Norwegian Am. Line, Inc.*, 698 F.2d 1192, 1195 (11th Cir. 1983) (listing the factors for determining whether the law of the United States should apply in a Jones Act and general maritime action; listing among the factors: location of the wrongful act, domicile of the injured party, allegiance of the defendant, and accessibility of foreign fora); *see also Membreño*, 2005 WL

4

1767906, at *2-3 (finding United States law not applicable under facts similar to those presented here); *Bautista*, 350 F. Supp. 2d at 989-990 (finding law of United States not applicable where act occurred in Italy, the ship's flag was Italian, the injured seaman was a citizen of Colombia, the vessel was foreign owned and other fora were available). Moreover, contrary to Velasquez's contention, Costa's relationship with Carnival Corporation does not change this determination. *See Membreño*, 2005 WL 1767906, at *3 (concluding that plaintiff could not establish that Costa has a substantial base of operations in the United States warranting application of the United States laws based upon its relationship with Carnival Corporation, of which it is a fully owned subsidiary; stating that "[while] Carnival maintains its principal place of business in Miami, Florida[;] this fact alone is insufficient to establish that Costa has a substantial base of operations in the United States").

Finally, the forum non conveniens factors are satisfied: "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001); *see Membreño*, 2005 WL 1767906, at *3 (concluding elements were satisfied where alternative fora of Honduras, Italy and Netherlands Antilles were available and the defendants waived their jurisdictional defenses to

those fora, and finding interest factors weighed in favor of dismissal where plaintiff was a non-U.S. citizen, most of the witnesses and documents were located outside the U.S., the need to apply foreign law was strong, and no significant relationship between the parties, the alleged wrongful act and the U.S. existed); *see also* District Court Order R. 96 at 1-2 (conditioning dismissal on defendants submitting to jurisdiction of Italy, Honduras, or Netherlands Antilles, those courts entertaining the case and any such judgment being enforceable).

Based upon the foregoing discussion, we affirm the district court's order dismissing this action for forum non conveniens.

AFFIRMED.