916 So.2d 1013 (2006)
Josaphat CHARLES, Appellant,
v.
Bryan McMAHON and Heidi McMahon, Appellees.
No. 4D05-2013.
District Court of Appeal of Florida, Fourth District.
January 4, 2006.
*1014 Bonita K. Brown of Fowler White Boggs Banker P.A., Tampa, and Robert Geisler of Fowler White Boggs Banker P.A., West Palm Beach, for appellant.
David A. Hoines of Hoines & Rose, Fort Lauderdale, for appellees.
PER CURIAM.
The defendant/appellant appeals an order denying his motion to dismiss this automobile negligence case on forum non conveniens grounds. Although he is a resident of Florida, the plaintiffs are residents of Washington State, and the accident occurred in Nebraska. The appellant moved to dismiss under Florida Rule of Civil Procedure 1.061, which requires the trial court to engage in the analysis elaborated in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). We reverse because the trial court did not engage in this analysis, either at the hearing or in its written order of denial.[1]
It appears that the court's only basis for denying the motion was the general presumption in favor of plaintiff's choice of forum. In Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552, 555 (Fla. 4th DCA 1998), this court explained, "Although the federal doctrine of forum non conveniens adopted in Kinney, and rule 1.061(a)(2) provide that there is a `strong presumption against disturbing plaintiffs' initial forum choice,' that presumption is inapplicable where a plaintiff has selected a foreign forum which is not convenient to the plaintiff." (Citations omitted). We therefore reverse and remand for further proceedings on the motion to dismiss consistent with this opinion.
STEVENSON, C.J., WARNER and HAZOURI, JJ., concur.
NOTES
[1] In the second of two hearings on this motion, the trial court may have been misled by the lawyers into thinking that it had performed the Kinney analysis in the first hearing, but that was not the case.