991 So.2d 912 (2008)
BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, Appellant,
v.
Hortensia Palmira GARCIA, as personal representative of the Estate of Antonio Sanchez Rodriguez and on behalf of all his survivors including Sergio Ruben Sanchez, Christian Marcelo Sanchez, Jose Osvaldo Sanchez Garcia, and the minor Rodrigo Antonio Sanchez Baez, represented by his mother Mirta Susana Baez, and Carlos Dario Santiso, individually and as personal representative of the Estate of Maria Cecilia Rocca, et al., Appellees.
TRW Vehicle Safety Systems, Inc., TRW Automotive U.S. LLC, and TRW Canada Limited, Appellants,
v.
Carlos Dario Santiso, individually and as personal representative of the Estate of Maria Cecilia Rocca, et al., Appellees.
Ford Motor Company, a foreign corporation, Appellant,
v.
Hortensia Palmira Garcia, as personal representative of the Estate of Antonio Sanchez Rodriguez and on behalf of all his survivors including Sergio Ruben Sanchez, Christian Marcelo Sanchez, Jose Osvaldo Sanchez Garcia, and the minor Rodrigo Antonio Sanchez Baez, represented by his mother Mirta Susana Baez, and Carlos Dario Santiso, individually and as personal representative of the Estate of Maria Cecilia Rocca, et al., Appellees.
Bridgestone/Firestone North American Tire, LLC, Appellant,
v.
Anibal Oscar Papandopoles, as Personal Representative for the Estate of Teresa Ivanoff; Estela Noemi Ivanovik, individually; Ruben Omar Papandopoles, individually; Roxana Fan, individually; Rebeca Papandopoles, a minor by and through her parents Ruben Omar Papandopoles and Roxana Fan; Antonella Papandopoles, a minor by and through her *913 parents, Ruben Omar Papandopoles and Roxana Fan; Brenda Papandopoles, a minor by and through her parents, Ruben Omar Papandopoles and Roxana Fan; and Javier Mauricio Papandopoles, as Personal Representative of the Estate of Daiana Elizabeth Papadopoulos, Appellees.
Nos. 4D07-1793, 4D07-1796, 4D07-1797, 4D07-2515, 4D07-2600.
District Court of Appeal of Florida, Fourth District.
August 6, 2008.
Rehearing Denied October 16, 2008.
*914 Christopher N. Bellows, Rebecca M. Plasencia and Leon Fresco of Holland & Knight LLP, Miami, for appellant Bridgestone/Firestone North American Tire, LLC.
Guy E. Motzer and Sarah L. Shullman of Squire, Sanders & Dempsey, L.L.P., West Palm Beach, for appellants TRW Vehicle Safety Systems, Inc., TRW Automotive U.S. LLC, and TRW Canada Limited.
Alina Alonso and Wendy Lumish of Carlton Fields, P.A., Miami, for appellant Ford Motor Company, a foreign corporation.
Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, and John J. Uustal of Kelley Uustal, PLC, Fort Lauderdale, for appellees.
HAZOURI, J.
The issue in these cases is whether the trial court erred in denying appellants' motions to dismiss on forum non conveniens grounds filed in four separate cases brought by appellees.[1] We affirm because we conclude that the trial court did not abuse its discretion in finding that Argentina is an inadequate and unavailable alternative forum under the facts of this case.
Appellees, citizens of Argentina, filed complaints against appellants, Ford Motor Company and Bridgestone/Firestone North American Tire, LLC, arising out of four automobile accidents in Argentina, involving 1998 or 1999 Ford Explorers with Firestone tires as standard equipment. In each accident, a rollover occurred, resulting in 8 deaths and 12 persons injured, out of a total of 20 occupants. Appellees asserted products liability theories, including that the Ford Explorers had a propensity to roll over and were not crashworthy, and that the Firestone tires were defective and had a tendency to fail, thereby triggering rollover accidents. Three of the cases also named appellants, TRW Vehicle Safety Systems, Inc., TRW Automotive U.S. LLC, and TRW Canada Limited (collectively "TRW") as defendants, based on allegations that TRW had manufactured *915 the seat belt restraint devices in the vehicles, which were defective, and contributed to the occupants' deaths or injuries. Two of the cases pleaded claims under section 69.081, Florida Statutes, commonly known as Florida's Sunshine in Litigation Act.
These four cases were consolidated below with Nowell, a case filed in 2003, which also involved a Ford Explorer rollover in Argentina, but did not name Firestone as a defendant. Appellants filed motions to dismiss on forum non conveniens grounds in each case, arguing that the cases should be dismissed in favor of Argentina or Michigan. In Nowell, Judge Leonard Fleet denied the motion. This court per curiam affirmed.[2]See Ford Motor Co. v. Nowell, 896 So.2d 768 (Fla. 4th DCA 2005) (table). Judge Fleet also denied the motions to dismiss on forum non conveniens grounds filed by the defendants in the Papandopoles and Yampa cases. This court reversed and remanded, finding that the trial court failed to conduct an adequate forum non conveniens analysis pursuant to Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). See TRW Automotive U.S., LLC v. Papandopoles, 949 So.2d 297 (Fla. 4th DCA 2007).
In Kinney, our supreme court explained the four-step analysis a court must engage in when reviewing a forum non conveniens motion:
[1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a . . . forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
674 So.2d at 90 (emphasis in original) (quoting Pain v. United Techs. Corp., 637 F.2d 775 (D.C.Cir.1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981)).
On remand, the consolidated cases were reassigned to Judge Ronald Rothschild. At that time, the trial court heard the forum non conveniens motions filed in the Sanchez and Santiso cases, and entered an order denying the motions. The trial court concluded, inter alia, that the Argentine courts do not afford an available or adequate forum. Subsequently, the trial court heard the forum non conveniens motions in Papandopoles and Yampa, on remand from this court. The trial court again denied the motions. The order noted that the TRW defendants had settled with the plaintiffs in Papandopoles, and that Firestone had settled with the plaintiffs in Yampa; thereby rendering TRW and Firestone's motions in those cases moot. The order also noted that because TRW was never a party in the Yampa case, there was no longer an issue regarding whether Michigan was an appropriate forum in either Papandopoles or Yampa.[3]
*916 Appellants filed non-final appeals from the two orders issued in the four cases, arguing that the trial court erred in denying their motions to dismiss on forum non conveniens grounds because the four-step Kinney analysis compels dismissal of the lawsuits. We disagree, but reach only the first step of the Kinney test because we find that the trial court's conclusion that Argentina is not an available or adequate forum was not unreasonable.
In Kinney, our supreme court codified its holding in Florida Rule of Civil Procedure 1.061, which provides in part: "The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion." Fla. R. Civ. P. 1.061; Kinney, 674 So.2d at 94. Although we acknowledge that the presumption of correctness given to a trial court's rulings is lessened where, as here, the trial court's findings are based on affidavits rather than live testimony, see Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 621 (Fla. 4th DCA 1999) (citing Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1118 (Fla. 4th DCA 1997)), we still give substantial deference to the trial court's decision, where its balancing of the Kinney factors is reasonable. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981) (citations omitted) (relied on in Kinney). This is particularly true in the instant case, where the trial court was in the unique position of having already tried Nowell, a nearly identical case.
A defendant seeking dismissal on forum non conveniens grounds bears the burden of persuasion as to each Kinney factor. Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830, 832 (Fla. 4th DCA 1997) (citing Camejo v. Ocean Drilling & Exploration, 838 F.2d 1374 (5th Cir.1988)). The first factor the court must analyze is whether there is an available adequate alternative forum which possesses jurisdiction over the whole case. Kinney, 674 So.2d at 90. The test for this factor is a two-step process for determining both availability and adequacy. Ciba-Geigy Ltd., 691 So.2d at 1115 (citations omitted).
The availability requirement is met when the defendant seeking dismissal establishes that the foreign court can assert jurisdiction over the litigation sought to be transferred. Id. "Ordinarily, this requirement will be satisfied when the defendant is `amenable to process' in the other jurisdiction." Kinney, 674 So.2d at 90 (citation omitted). Appellants submitted affidavits of Argentine law experts opining: (1) foreign defendants who are not domiciled in Argentina are subject to service of process in their place of domicile; (2) Argentine courts have jurisdiction over foreign citizens or corporations regarding claims against foreign manufacturers of component parts that have been sold in Argentina, and damages caused in Argentina; and (3) Argentine law allows defendants to consent to jurisdiction in matters of an exclusively pecuniary nature, as appellants did in this case. Appellees filed competing affidavits of Argentine law experts concluding: (1) Argentine courts have no jurisdiction over international product liability tort or contract claims; and (2) Argentine law instructs that consent jurisdiction requires the voluntary consent of all interested parties, including the plaintiff. Moreover, although appellants stipulated that they would waive a statute of limitations defense if the cases were refiled in *917 Argentina, the experts had conflicting opinions on whether or not the Argentine courts would accept such a stipulation, as compelled by a forum non conveniens order.
Upon reviewing these affidavits, the trial court determined that the existence of jurisdiction in Argentina was arguable and concluded that it could not ensure that an Argentine court would not dismiss the case for lack of jurisdiction. Because the affidavits conflicted on whether jurisdiction would exist, whether appellants could consent to jurisdiction or waive a statute of limitations defense, and whether the attempt to transfer these cases to Argentina through a forum non conveniens order would violate Argentine law, the trial court's conclusion that appellants did not carry their burden of persuasion on this issue was not unreasonable.
Next, we consider the adequacy of Argentina as an alternative forum. An alternative forum is inadequate if the remedy clearly amounts to no remedy at all. Kinney, 674 So.2d at 90. Appellants' experts asserted that Argentine law provides causes of action and remedies analogous to those sought by appellees in the United States, and allows for actual and foreseeable damages, as well as pain and suffering damages. However, appellees' experts explained that plaintiffs in Argentina are required to pay a filing fee of three percent of the damages sought in the lawsuit as a prerequisite to consideration of the case.
The trial court concluded that appellants did not satisfy their burden of persuasion as to the adequacy of the Argentine forum, finding the three percent filing fee of particular importance to its decision. We find this conclusion to be reasonable in light of the affidavits submitted by appellees' experts. The three percent filing fee may deprive appellees of a remedy in Argentina, particularly in cases such as these, where appellees are seeking a substantial amount of monetary damages.[4]
Because we determine that the trial court did not abuse its discretion in finding Argentina an unavailable and inadequate alternative forum, we affirm without consideration of the remaining Kinney factors. See 674 So.2d at 90 (noting that the availability and adequacy of the alternative forum is a prerequisite to dismissal on forum non conveniens grounds).
Affirmed.
FARMER, J., concurs.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
Would I have reached the same result the trial court reached in this case? Probably not. But our standard of review on decisions granting or denying a motion to dismiss on forum non conveniens grounds is abuse of discretion. If for no other reason than that reasonable judges could disagree on the trial court's ruling, I agree we must affirm.
I write separately, however, to express my view that the abuse of discretion standard may not be the most appropriate standard of review in these cases. In Kawasaki Motors Corp. v. Foster, 899 So.2d 408 (Fla. 3d DCA 2005), the third district suggests a hybrid abuse of discretion/de novo review standard may be employed. *918 This would be especially applicable where the trial court relies solely on affidavits, depositions, and argument of counsel in reaching its decision. Where the appellate court has the same vantage point as the trial judge  where there has been no determination of credibility of competing witnesses  the appellate court should be able to exercise its own judgment by reviewing the Kinney factors de novo. As this court has not adopted the standard used by the third district in Foster (and not necessarily disagreeing with the balance of the majority's analysis), I concur in the result.
NOTES
[1] These cases were consolidated for the purposes of oral argument and issuance of this opinion. Appellees are referred to individually as Papandopoles, Yampa, Sanchez, and Santiso.
[2] Nowell proceeded to trial, which resulted in a verdict for the defense.
[3] TRW's arguments on appeal in this case are now moot, including the issue of whether Michigan is an adequate or available forum. TRW settled with Papandopoles below, was never a defendant in Yampa, and voluntarily dismissed its appeal as to Sanchez. Further, since the filing of the instant appeals, TRW successfully appealed the trial court's denial of its motion to dismiss for lack of personal jurisdiction in the Santiso case. See TRW Vehicle Safety Sys., Inc. v. Santiso, 980 So.2d 1149 (Fla. 4th DCA 2008).
[4] At oral argument, appellants noted that they submitted an authority on global tort litigation with their reply briefs that showed appellees could seek a waiver of the filing fee in Argentina, based on lack of financial resources. However, appellants could not assure the court, either at oral argument or through their expert affidavits, that appellees could successfully obtain that waiver.