POLEN, J.
 

 Appellant Anthony Wood (“Wood”) timely appeals the trial court’s denial of his motion to dismiss for
 
 forum non conve-niens
 
 under rule 1.061 of the Florida Rules of Civil Procedure. This court has jurisdiction. Fla. RApp. P. 9.130(a)(3)(A) (2008).
 

 Appellee Andrew S. Bluestone (“Blue-stone”) sued Wood to enforce ten promissory notes, each for $25,000, executed by Wood. Each note provided that “[i]n the event [Wood] shall fail to make'any payment hereunder within thirty (30) days following written demand from [Blue-stone], this Note shall be in default and [Wood] shall immediately pay the entire balance ilue, plus all costs of collection including reasonable attorney’s fees.” On December 12, 2007, Bluestone sent a written demand to Wood for full payment of all ten notes, but Wood never made any payments.
 

 In defense, Wood claimed that the notes were not evidence of a loan, but part of a larger transaction in which Wood, through his unincorporated Florida entity, provided services to Bluestone’s company headquartered in New York. In his motion to dismiss, Wood argued that even though he is a Florida resident, Bluestone’s complaint should be dismissed for
 
 forum non conve-niens
 
 because,
 
 inter alia,
 
 the notes — executed and delivered in New York — call for payments in New York and all witnesses and documents regarding the causes of action are in New York. Wood submitted an affidavit in support of his motion.
 

 Bluestone did not respond to Wood’s motion. The court responded by holding a very brief hearing and finding, “[Wood] lives here. He can defend in his own home territory. They are free to sue him where he lives. They can bring the witnesses down.... It’s real hard to say it’s not convenient to where you are living.” The court’s order denying Wood’s motion contained no findings of fact or legal analysis.
 

 Generally, “[t]he decision to grant or deny the motion for dismissal [for
 
 forum non conveniens
 
 ] rests in the sound discretion of the trial court, subject to review for abuse of discretion.” Fla. R. Civ. P. 1.061 (2000);
 
 see also Kinney Sys., Inc. v. Continental Ins. Co.,
 
 674 So.2d 86, 93-94 (Fla.1996). Despite such authority of the Florida Supreme Court, the Third District has developed a hybrid “abuse of discretion/de novo standard,” accounting for “the extent of the trial judge[’]s analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions.”
 
 Kawasaki Motors Corp. v. Foster,
 
 899 So.2d 408, 410 (Fla. 3d DCA 2005). Based on such development in the Third
 
 *673
 
 District and the concurring opinion in this court’s decision in
 
 Bridgestone/Firestone North American Tire, LLC v. Garcia,
 
 991 So.2d 912 (Fla. 4th DCA 2008),
 
 [1]
 
 Wood argues that the standard of review in this case should be de novo.
 

 Given that Wood has not cited to a decision of
 
 this
 
 Court, applying the hybrid abuse of discretion/de novo standard to a case involving a
 
 forum non conveniens
 
 motion, and under the Florida Supreme Court’s authority in both rule 1.061 and
 
 Kinney,
 
 the standard of review, here, is abuse of discretion.
 

 Substantively, Wood argues that the trial court erred in denying his motion to dismiss for
 
 forum non conveniens
 
 because the court failed to engage in the four-part analysis outlined in
 
 Kinney
 
 and relied on only one factor in denying his motion— that he is a Florida resident. The Supreme Court in
 
 Kinney
 
 mandated that when deciding a
 
 forum non conveniens
 
 motion, a court should consider the following factors:
 

 As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of
 
 private
 
 interest, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of
 
 public
 
 interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
 

 674 So.2d at 90 (emphasis in original) (quoting
 
 Pain v. United Techs. Corp.,
 
 637 F.2d 775, 784-85 (D.C.Cir.1980)).
 

 There is, however, “no per se rule requiring a remand whenever an order granting or denying dismissal on
 
 forum non conveniens
 
 grounds fails explicitly to set forth the court’s resolution of the four-step analysis.”
 
 Smith Barney Inc. v. Potter,
 
 725 So.2d 1223 (Fla. 4th DCA 1999). “If the record is sufficient to review the trial court’s ultimate determination, the scarcity of the text of the order will not matter.”
 
 Id.
 
 Nonetheless, the court must still “engage in the
 
 [Kinney
 
 ] analysis, either at the hearing or in its written order of denial.”
 
 Charles v. McMahon,
 
 916 So.2d 1013, 1014 (Fla. 4th DCA 2006).
 

 In
 
 Potter,
 
 where the “scarcity of the text of the order” did not result in a reversal, this Court relied on the fact that “[a]ll of these steps [of the
 
 Kinney
 
 analysis] were discussed at length during the hearing and in legal memoranda filed by the parties.” 725 So.2d at 1224. On the other hand, in
 
 Charles,
 
 where neither a hearing nor a written order existed to reveal the court’s application of the
 
 Kinney
 
 analysis, this Court reversed and remanded the case for further proceedings. 916 So.2d at 1014.
 

 Just as, in
 
 Charles,
 
 “[i]t appeared] that the court’s only basis for denying the motion was the general presumption in favor of plaintiffs choice of forum
 
 [2]
 
 ,” here, because there was no meaningful hearing or written order, it appears that the court’s only basis for denying Wood’s motion was his residency in Florida. Thus,
 
 *674
 
 we reverse and remand this case. The trial court must perform the
 
 Kinney
 
 analysis in considering Wood’s claims for
 
 forum non conveniens,
 
 either through a hearing or a written order.
 

 WARNER and HAZOURI, JJ., concur.
 

 [1]
 

 . The author of the instant opinion also wrote the concurring opinion in
 
 Garcia.
 

 [2]
 

 . As appellee is a foreign plaintiff, his choice of forum is not entitled to any special weight.
 
 See Ciba-Geigy Ltd. v. Fish Peddler, Inc.,
 
 691 So.2d 1111, 1118 (Fla. 4th DCA 1997).