PER CURIAM.
Appellant, Superior Hospitality Management, LLC, appeals the order denying its Motion to Dismiss or Stay on Grounds of Forum Non Conveniens.[1] A hearing on the motion was not held, so we do not have a transcript to review. Moreover, the order does not reveal whether the trial court engaged in the substantive four-step analysis as mandated in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), and rule 1.061(a), Florida Rules of Civil Procedure. We, therefore, reverse the order under review and remand this case to the trial court to either hold a hearing or render an order showing that the trial court applied the analysis under Kinney and rule 1.061(a). See Camperos v. Estrella, - So.3d -, -, 2013 WL 1629255, 38 Fla. L. Weekly D855, D855 (Fla. 3d DCA Apr. 17, 2013) (stating that *212 an order on a motion to dismiss on the grounds of forum non conveniens is “subject to reversal and remand as insufficient where, as here, there is neither (1) ‘meaningful analysis’ in the order, nor (2) a transcript reflecting ‘an adequate analysis of the Kinney factors during the hearing itself (quoting ABA Capital Mkts. Corp. v. Provincial De Reaseguros C.A., 101 So.3d 385, 388 (Fla. 3d DCA 2012))); Levinson & Lichtman, LLP v. Levinson, 35 So.3d 182, 182-83 (Fla. 3d DCA 2010); Wood v. Bluestone, 9 So.3d 671, 673-74 (Fla. 4th DCA 2009); Carenza v. Sun Int’l Hotels, Ltd., 699 So.2d 830, 831 (Fla. 4th DCA 1997) (“Neither the trial court’s order granting defendants’ motion nor its pronouncements during the hearing on the motion provide this court with enough information to determine whether the trial judge adequately considered each step of the Kinney test in reaching his conclusion.”).
REVERSED; REMANDED for proceedings consistent with this opinion.
SAWAYA and BERGER, JJ., concur.
GRIFFIN, J., dissents, with opinion.

. This court has jurisdiction pursuant to rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.