# Third District Court of Appeal

## State of Florida

Opinion filed August 8, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0040
Lower Tribunal No. 15-29014
_____

**Claudia Rosana Villafañe, et al.,**
Appellants,

vs.

**Diego Armando Maradona,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Barakat Law, PA and Brian Barakat, for appellants.

EFR Law Firm and Eduardo F. Rodriguez, for appellee.

Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

LUCK, J.

Claudia Rosana Villafane and five companies she controls appeal the trial court's order denying their motion to dismiss Diego Armando Maradona's

(Villafane's ex-husband) complaint for fraud, conversion, and unjust enrichment based on forum non conveniens. We affirm.

*Factual Background and Procedural History*

Villafane and Maradona are both citizens of Argentina, where they married in 1989, separated in 1999, and were divorced in 2003. Although divorced in 2003, the parties did not agree to a division of their marital property until August 2013. In their property settlement agreement, the parties acknowledged that the property listed in the agreement was the entire marital estate.

On December 15, 2015, Maradona sued Villafane and her shell companies in Miami-Dade County. Maradona alleged that while married to Villafane he trusted her to manage his financial affairs. According to Maradona, while managing his finances and without his knowledge, Villafane misappropriated some of his money and used it to purchase six condominium units in South Florida. Maradona alleged that although the properties were purchased before the property settlement, Villafane did not disclose them as marital property during the extended decade-long property settlement proceedings in Argentina. The complaint set forth counts for unjust enrichment and constructive trust against Villafane and the shell companies, and breach of fiduciary duty, conversion, and constructive fraud against Villafane.

Villafane moved to dismiss the complaint based on forum non conveniens, arguing that Argentina was the proper venue. Villafane alleged that any misappropriation would have occurred in Argentina where both parties resided and maintained their financial affairs. Moreover, she claimed all witnesses, including those most familiar with the parties' finances and the divorce proceedings, may be found in Argentina. In support of the motion, Villafane filed her own affidavit and the legal opinion of an Argentinian lawyer. Maradona responded to the motion with his own affidavit and that of an Argentinian legal expert.

The trial court denied the motion to dismiss because Villafane "d[id] not satisfy the adequate alternative forum factor since Argentina's statute of limitations bars [Maradona's] causes of action for damages." Villafane appeals the denial of her motion to dismiss.[1]

*Discussion*

Villafane contends that the trial court erred in denying her motion to dismiss based on forum non conveniens because there was no evidence that the Argentinian statute of limitations expired, and even if it had, Argentina still was an adequate alternate forum. We disagree, and find no abuse of discretion by the trial court.[2]

---

[1] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(ix) ("Appeals to the district courts of appeal of non-final orders are limited to those that . . . determine . . . the issue of forum non conveniens.").

[2] Denials of motions to dismiss based on forum non conveniens are reviewed for an

"The forum non conveniens inquiry currently conducted by Florida courts is . . . a four-step process and is set forth in Florida Rule of Civil Procedure 1.061(a)." Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1091 (Fla. 2013). This case involves the first step that, "[a]s a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case." Id. (quoting Kinney System, Inc. v. Continental Ins. Co., 674 So. 2d 86, 90 (Fla. 1996)).

"The first prong of the forum non conveniens analysis entails two separate considerations: whether the alternative forum is available and whether it is adequate. An alternative forum is available when that forum can assert jurisdiction over the litigation sought to be transferred." Abeid-Saba v. Carnival Corp., 184 So. 3d 593, 600 (Fla. 3d DCA 2016) (quotation omitted). "With respect to adequacy, an alternative forum does not have to be equivalent to the chosen forum to be adequate, but we have recognized that dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute." Cortez, 123 So. 3d at 1092 (quotation omitted).

"The defendant attempting to dismiss the action on forum non conveniens grounds bears the burden of proof on each element of the . . . analysis." Abeid-

abuse of discretion. See GLF Constr. Corp. v. Credinform Int'l, S.A., 225 So. 3d 377, 381 (Fla. 3d DCA 2017) ("The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion." (quoting Fla. R. Civ. P. 1.061(a)).

4

Saba, 184 So. 3d at 599 (quotation omitted).  Because showing an adequate alternative forum is a prerequisite to dismissing based on forum non conveniens, where the defendant does not carry her burden to show that the alternate forum is adequate and available, we need not address the other Rule 1.061(a) factors.  See Cortez, 123 So. 3d at 1091 ("As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case." (quotation omitted)); Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So. 2d 912, 917 (Fla. 4th DCA 2008) ("Because we determine that the trial court did not abuse its discretion in finding Argentina an unavailable and inadequate alternative forum, we affirm without consideration of the remaining Kinney factors.").

The trial court found that Argentina's statute of limitations barred Maradona's causes of action, and that finding was supported by the expert affidavits submitted by the parties.  Maradona's expert swore that "Argentine Law may in no way have venue and jurisdiction to deal with the claim made by Mr. Maradona before the United States courts."  Villafane's expert opined that:

> The prescription term [the expert's terminology for the Argentine statute of limitations] applicable to [Maradona's] complaint – if the same were understood as a Claim for Nullity or Review of the Acts Performed denounced therein – is two (2) years, which have objectively expired.  Should the claim be understood as a demand for compensation for a hypothetically inappropriate use of his funds – the term would amount to ten (10) years.  In both cases, this means to say that the terms have expired and there would be no chance whatsoever

for any kind of legal action.

Although Villafane's Argentine legal expert backtracked some in later-filed letters, it was not an abuse of discretion to rely on this conflicting testimony.

The Fourth District Court of Appeal reached a similar conclusion based on conflicting statute-of-limitations testimony in Bridgestone. There, "although appellants stipulated that they would waive a statute of limitations defense if the cases were refiled in Argentina, the experts had conflicting opinions on whether or not the Argentine courts would accept such a stipulation, as compelled by a forum non conveniens order." 991 So. 2d at 916-17. Because of this conflict about the Argentine statute of limitations, the Fourth District concluded:

> Because the affidavits conflicted on whether jurisdiction would exist, whether appellants could consent to jurisdiction or waive a statute of limitations defense, and whether the attempt to transfer these cases to Argentina through a forum non conveniens order would violate Argentine law, the trial court's conclusion that appellants did not carry their burden of persuasion on this issue was not unreasonable.

Id. at 917.

Judge Polen, in a concurring opinion, noted that although he may not have reached the same conclusion, because reasonable judges could look at the conflicting opinions and come to different results, he couldn't say that the trial court abused its discretion. Id. (Polen, J., concurring specially) ("Would I have reached the same result the trial court reached in this case? Probably not. But our standard of review on decisions granting or denying a motion to dismiss on forum

6

non conveniens grounds is abuse of discretion. If for no other reason than that reasonable judges could disagree on the trial court's ruling, I agree we must affirm."). We, too, can see no abuse of discretion in the trial court relying on conflicting expert testimony on its way to finding that the Argentine courts were not an adequate alternate forum for Maradona's claims.

Villafane responds that even if the statute of limitations had lapsed in the alternate forum, Argentina was still adequate because the Florida statute of limitations may also have expired, and the Argentinian courts are amenable to Maradona's claims. We don't agree that a forum can be an adequate alternative if it has lost jurisdiction to hear the plaintiff's claims because it's barred by that country's statute of limitations.[3]

The Florida Supreme Court has said as much in <u>Kinney</u>. There, after the Court adopted a new test (now codified in Rule 1.061(a)) for forum non conveniens, it was concerned about how the trial courts would apply it to pending cases:

> [W]e further recognize that an improper application of the instant opinion could have a detrimental impact on some cases presently pending in the lower courts. Where new or renewed motions for

---

[3] There may be exceptions, for example, where the plaintiff has purposely allowed the statute of limitations in the alternate forum to lapse before filing the lawsuit in Florida. But we don't have to decide that issue because the trial court found based on the evidence that Maradona did not "delay[] filing these causes of action in Argentina to deliberately permit the Argentine statute of limitation's [sic] expiration."

7

> forum non conveniens dismissal are prompted in such cases by this opinion, <u>we direct that the lower courts shall not order dismissal if doing so would actually undermine the interests that forum non conveniens seeks to preserve</u>. <u>These include</u> avoiding a waste of resources (including resources already expended), <u>avoiding forcing a plaintiff into a forum where a statute of limitation may have expired</u>, or other similar problems.

<u>Kinney</u>, 674 So. 2d at 93-94 (emphasis added). The Court, in other words, directed the lower courts not to dismiss cases that would result in the parties having to litigate in an alternate forum "where the statute of limitations may have expired." Florida has an interest, the Court explained, in "avoiding forcing" plaintiffs into an alternate forum that bars the claim through its own limitations period.

Following <u>Kinney</u>, the Fourth District in <u>Bridgestone</u> held that it was not an abuse of discretion to find that Argentina was an unavailable and inadequate forum based on conflicting testimony "on whether or not the Argentine courts would accept" a stipulation waiving the statute of limitations defense. 991 So. 2d at 916-17. Without such an assurance, the district court agreed that the defendant had not carried its burden show that Argentina was an adequate alternate forum.

*Conclusion*

Here, as in <u>Bridgestone</u>, there was no abuse of discretion. The trial court's finding that Maradona could not bring his claims in Argentina based on that country's statute of limitations was supported by the conflicting opinions of the Argentine legal experts. The trial court's ultimate conclusion that Argentina was

8

not an adequate alternate forum heeded the words of <u>Kinney</u> that Florida has an interest in "avoiding forcing a plaintiff into a forum where a statute of limitations may have expired." 674 So. 2d at 94. We heed the same words and affirm the trial court's order denying Villafane's motion to dismiss based on forum non conveniens.

Affirmed.