DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VITALIY KUSAYEV,**
Appellant,

v.

**SVETLANA KUSAYEV,**
Appellee.

No. 4D20-2576

[April 21, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Davis, Judge; L.T. Case No. FMCE20-009365.

Steven Veinger of Law Offices of Steven Veinger, P.A., Aventura, for appellant.

No brief filed on behalf of appellee.

MAY, J.

A father appeals a non-final circuit court order denying his motion to dismiss for forum non conveniens. He argues the trial court erred in denying his motion to dismiss because it failed to consider the *Kinney*[1] factors in rendering its decision. We agree and reverse.

The mother filed a petition for support and other relief in Broward County, Florida. The parties were divorced in 2018 in Samara, Russia. They have a daughter who was born in New York on August 12, 2015, has never lived in Florida, and currently resides with the mother in Samara, Russia. The father has resided in Florida since moving to Broward County from New York in 2019.

The petition claims that "[n]o child support was addressed or ordered in the divorce." The petition seeks retroactive child support, health

---

[1] *Kinney Sys., Inc. v. Cont'l Ins. Co.*, 674 So. 2d 86 (Fla. 1996).

insurance for the mother and child, and asks for the father to maintain life insurance to cover the child support obligation.

The father moved to dismiss for forum non conveniens, pursuant to Florida Rule of Civil Procedure 1.061.[2] The motion noted the "entire history of this case is outside of Florida." The child was born in New York, the mother and child have never visited Florida, and the mother and child moved to Russia from New York in August 2017. The motion included an official translated copy of the Russian divorce judgment, which provided that the father was responsible for "child support," but no other details.

The father's motion analyzed the four *Kinney* factors and argued that Russia is an adequate alternative forum, the private interests of the parties favor the Russian forum, the public interest is better served in Russia, and the mother could reinstate the action in Russia.

The mother responded and noted the Russian divorce judgment did not award child support or reserve jurisdiction to do so. She alleged the father actively avoided service of process when she tried to initiate the instant action in New York. An attached Return of Non-Service details the numerous attempts to serve the father with the summons, which included the process server contacting the father by phone and text message and informing him he must accept service. The father continued to avoid the process server. The day after the process server made his first service attempt, the father moved out of his New York residence to Florida.

The mother also evaluated the *Kinney* factors and argued: (1) the father misrepresented the first prong; (2) he was arguing against his self-interest because he would have to travel to Russia; (3) any Russian child support judgment would have to be enforced in Florida anyway; and (4) if the action is reinstated in Russia, the Russian court may not have jurisdiction.

The trial court held a hearing on the father's motion. The parties raised the same arguments. The father noted he filed a claim in the Russian court for child visitation and child support on October 29, 2020, so he had already submitted to its jurisdiction. Without evidence, the mother contended the father's Russian claim was rejected because the payor cannot file for child support on himself and Russian courts will not proceed on child support issues when the payor does not reside in Russia.

---

[2] Technically, Rule 1.061 does not apply in family law cases. *See Varchetti v. Varchetti*, 302 So. 3d 408, 409 (Fla. 4th DCA 2020). However, the federal doctrine of forum non conveniens and its factors were adopted in *Kinney* and codified in Rule 1.061. *See Kinney*, 674 So. 2d at 93 n.6.

The trial court commented that "[i]t's odd" that the Russian court entered the divorce judgment requiring the father to provide child support without entering a child support order and concluded that "the Russian court has ceded jurisdiction on child support by not entering the order." The court did not address either parties' arguments or the *Kinney* factors. The trial court denied the motion and entered a written order finding the Russian court did not decide child support matters or reserve jurisdiction and that the forum is proper in Broward where the father resides.

The father now appeals.

"The standard of review regarding a trial court's decision to dismiss a case under the doctrine of forum non conveniens is abuse of discretion." *S2 Glob., Inc. v. Tactical Operational Support Servs., LLC*, 119 So. 3d 1280, 1282 (Fla. 4th DCA 2013).

The father argues the trial court abused its discretion in denying his motion. He suggests the court "misapplied and failed to meaningfully analyze the *Kinney* factors." We agree.

In *Kinney System, Inc.*, our supreme court set forth a four-step analysis for determining whether an action should be dismissed based on forum non conveniens. 674 So. 2d at 90. It provided:

> [1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of *public* interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a . . . forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*Id.* (quoting *Pain v. United Techs. Corp.*, 637 F.2d 775, 784–85 (D.C. Cir. 1980)) (alteration in original).

"The failure of the trial court to address the *Kinney* factors would generally result in a reversal and remand to allow the trial court to perform

3

an analysis pursuant to *Kinney*." *R.J. Reynolds Tobacco Co. v. Carter*, 951 So. 2d 105, 107 (Fla. 3d DCA 2007). We have reversed orders denying a motion to dismiss for forum non conveniens where "the trial court did not engage in [the *Kinney*] analysis, either at the hearing or in its written order of denial." *Charles v. McMahon*, 916 So. 2d 1013, 1014 (Fla. 4th DCA 2006).

Here, the trial court never commented on the *Kinney* factors at the hearing or in its written order. We must therefore reverse and remand for the trial court to analyze the *Kinney* factors and, if necessary, hold an evidentiary hearing.

*Reversed and remanded.*

LEVINE, C.J., and FORST, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4