720 So.2d 552 (1998)
VALUE RENT-A-CAR, INC., Appellant,
v.
Billy C. HARBERT and Violet Harbert, his wife, Appellees.
No. 97-4307.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
Rehearing Denied October 9, 1998.
*553 Doreen E. Lasch of the Law Offices of Roland Gomez, Miami Lakes, for appellant.
Arthur J. Morburger, Miami, and Weinstein, Bavly & Moon, P.A., Miami, for appellees.
KLEIN, Judge.
The issue presented by this non-final appeal is whether the trial court should have dismissed this lawsuit under the doctrine of forum non conveniens, so that it could be litigated in Georgia, where the accident occurred and the injured plaintiff resides. We conclude that the motion to dismiss should have been granted.
Steven Jones rented a vehicle from appellant, Value Rent-A-Car, at the Fort Lauderdale airport, and was subsequently involved in an automobile accident in Bibb County, Georgia. Mr. Harbert, a Georgia resident, was injured in the accident and filed suit in Broward County against Jones and Value, a Florida corporation with its principal place of business in Florida. Because Jones was not served within 120 days, the case against him was dismissed.
Value moved to dismiss based on forum non conveniens, arguing that Georgia would be a more convenient forum because the accident occurred there, the plaintiffs reside there, the accident was investigated there, and plaintiff's injuries were treated by Georgia physicians in Georgia health care facilities.
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), our supreme court adopted the federal doctrine of forum non conveniens, involving a four-part test, and adopted Florida Rule of Civil Procedure 1.061(a), which provides:
Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.
Plaintiff argues that we should affirm because the first factor, adequate alternate forum, does not exist here. Plaintiff's argument is grounded on the fact that Georgia *554 does not have a dangerous instrumentality doctrine, which would make the owner of the vehicle, Value, vicariously liable for the negligence of the driver.[1] As our supreme court noted in Kinney, however, the primary concern in determining whether the alternative forum is adequate is whether service of process can be obtained. The alternative forum is not unsatisfactory "merely because the available legal theories or potential recovery there are less generous than those available where suit was brought." 674 So.2d at 90.
As we pointed out in Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1115 (Fla. 4th DCA), rev. denied, 699 So.2d 1372 (Fla. 1997):
A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum. A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American Court.
(quoting In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147, 1165 (5th Cir. 1987) (citations omitted), vacated on other grounds, Pan American World Airways, Inc. v. Lopez, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989)).
The fact that Georgia does not have a dangerous instrumentality doctrine, and may not apply Florida law in determining whether Value is liable, does not, in our opinion, make Georgia an inadequate alternative forum. If the dangerous instrumentality doctrine were the law in most states, and Georgia's failure to adopt it was aberrant, plaintiff's argument would be stronger. The fact is, however, that it is Florida, not Georgia, which is unique. Florida is the only state, so far as we know, in which the common law has been modified by the courts to make the owner of a vehicle vicariously liable for the negligence of the driver.[2]
Kinney, in which our supreme court adopted the federal doctrine of forum non conveniens, was a substantial departure from prior Florida law, which the court rationalized because it was concerned about the "ever-increasing crush of litigation now coming into our courthouses," and Florida becoming a "courthouse for the world." 674 So.2d at 88. As the Kinney court further noted:
Florida courts exist to judge matters with significant impact upon Florida's interests, especially in light of the fact that the taxpayers of this state pay for the operation of its judiciary. Nothing in our Constitution compels the taxpayers to spend their money even for the rankest forum shopping by out-of-state interests.
Id.
If we were to hold that the failure of another state to have the dangerous instrumentality were to make that state an inadequate alternative forum for litigating an accident case which occurred in that state, it would encourage the very kind of forum shopping condemned by our supreme court in Kinney.
The second factor, "private interests," encompasses "four broad `practical' concerns: adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation." Kinney, 674 So.2d at 91. This factor clearly favors Georgia, because that is where the accident occurred, and where the plaintiff, *555 a Georgia resident, received his medical treatment. Georgia, accordingly, is where the physical evidence involving the accident is located, as well as where witnesses as to negligence and damages are located.
Although the federal doctrine of forum non conveniens adopted in Kinney, and rule 1.061(a)(2) provide that there is a "strong presumption against disturbing plaintiffs' initial forum choice," that presumption is inapplicable where a plaintiff has selected a foreign forum which is not convenient to the plaintiff. Ciba-Geigy, 691 So.2d at 1118 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); and Pain v. United Technologies Corp., 637 F.2d 775 (D.C.Cir.1980)).
Because private interests favor Georgia, we need not consider the third step of the analysis, the factors of public interest, because they are only considered where private interest factors are "at or near equipoise." Kinney, 674 So.2d at 91. The fourth factor, which requires that "plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice," rule 1.061(a)(4), is satisfied here because Value has stipulated that it will not assert a statute of limitations defense in Georgia.[3]
We therefore conclude that the trial court did not properly apply Kinney, and thus abused its discretion. Ciba-Geigy, 691 So.2d at 1125. We reverse and remand for dismissal.
FARMER and TAYLOR, JJ., concur.
NOTES
[1] Plaintiff's argument assumes that the Florida court would apply the Florida dangerous instrumentality doctrine in determining the liability of Value for this Georgia accident. The Third District, however, came to the contrary conclusion in Ryder Truck Rental, Inc. v. Rosenberger, 699 So.2d 713 (Fla. 3d DCA 1997), in which the plaintiff, injured in a Montana accident by a Ryder truck rented in Seattle, sued in Florida. The Third District dismissed based on forum non conveniens, concluding that under Florida conflict of law principles a Florida court would not apply Florida's dangerous instrumentality doctrine, but would follow Montana law. Judge Shevin dissented; however, he emphasized in his dissent that the location of the accident in Montana was fortuitous and did not involve any Montana residents. In the present case the injured plaintiff is a Georgia resident.
[2] 8 Am.Jur.2d, Automobiles and Highway Traffic, § 697 (1997). A few states have passed statutes making the owner liable for the driver's negligence. Id. § 723.
[3] See also rule 1.061(c), which provides that defendants who move for forum non conveniens dismissal "automatically stipulate that the action will be treated in the new forum as though it had been filed in that forum on the date it was filed in Florida, with service of process accepted as of that date."