951 So.2d 105 (2007)
R.J. REYNOLDS TOBACCO COMPANY, a foreign corporation, and Publix Supermarkets, Inc., a Florida corporation, Appellants,
v.
Wanda A. CARTER, as Personal Representative of the Estate of Ronald D. Carter, Deceased, Appellee.
No. 3D06-2030.
District Court of Appeal of Florida, Third District.
March 14, 2007.
*106 Carlton Fields and Wendy F. Lumish and Alina Alonso, Miami, for appellants.
Fitzgerald & Associates and J. Michael Fitzgerald, Charlottesville, Virginia, for appellee.
Before GERSTEN, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendants, R.J. Reynolds Tobacco Company ("RJR") and Publix Supermarkets, Inc. ("Publix"), appeal from an order denying their motion to dismiss based on forum non conveniens. We reverse.
The plaintiff, Wanda A. Carter, as Personal Representative of the Estate of Ronald D. Carter, Deceased, filed a products liability and wrongful death action against RJR and Publix, seeking damages for the death of Ronald D. Carter ("the decedent"). The complaint asserts that the decedent's death was as a result of the *107 decedent smoking cigarettes manufactured by RJR and sold by Publix.
The defendants filed a motion to dismiss based on forum non conveniens pursuant to Florida Rule of Civil Procedure 1.061(a). The motion asserts that the action can be litigated more fairly and conveniently in Tennessee as the decedent's cause of action arose in Tennessee; he was living in Tennessee when he became ill and was diagnosed with lung cancer; he was treated in Tennessee; and his medical records are located in Tennessee. Moreover, the fact witnesses identified by the plaintiff do not reside in Florida, and in fact, one of the fact witnesses actually resides in Tennessee. In addition, the defendants argued that Tennessee is an adequate alternative forum to litigate the plaintiff's claim as RJR, a North Carolina corporation, and Publix, a Florida corporation, are registered to do business in Tennessee, and therefore, they are subject to service of process in Tennessee. Attached to the motion to dismiss are the plaintiff's responses to interrogatories and request for admissions. In addition to filing a motion to dismiss, the defendants filed a stipulation in support of their motion, which provides, "[i]f the Court dismisses this action based on forum non conveniens, [RJR] and Publix will treat the [plaintiff's] action in Tennessee as though it had been filed on the date it was filed in this court and with the service of process accepted as of that date."
The undisputed facts demonstrate that the decedent, who attended grade school and high school in Tennessee, began smoking cigarettes when he was a teenager. Thereafter, from the 1950's to 1969, he continued smoking while living in various states, including Delaware, Virginia, West Virginia, and Wyoming. He then moved to Florida in 1969, and continued to live in this state until 1997. While living in Florida, he purchased cigarettes manufactured by RJR and sold by Publix. In 1997, the decedent and his wife, Wanda A. Carter, moved back to Tennessee. In 2004, while still residing in Tennessee, the decedent was diagnosed with lung cancer and was treated by doctors at facilities located in Tennessee. He ultimately passed away in Tennessee.
At the hearing on the motion to dismiss, the defendants argued that based upon the undisputed facts and the factors set forth in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), the trial court should decline to exercise jurisdiction and dismiss the action based on forum non conveniens. Without addressing the Kinney factors, the trial court denied the motion, stating that "it's going to be inconvenient no matter where this case is tried." The defendants, therefore, contend that the trial court erred by failing to address the Kinney factors and denying their motion to dismiss based on forum non conveniens. We agree.
The failure of the trial court to address the Kinney factors would generally result in a reversal and remand to allow the trial court to perform an analysis pursuant to Kinney. See Charles v. McMahon, 916 So.2d 1013, 1014 (Fla. 4th DCA 2006) (reversing trial court's denial of motion to dismiss based on forum non conveniens "because the trial court did not engage in [Kinney] analysis, either at the hearing or in its written order of dismissal," and remanding to the trial court for application of Kinney analysis). However, as the record before this court is developed and the facts pertaining to the issue of forum non conveniens are basically undisputed, remand is unnecessary. See Sun & Sea Estates, Ltd., Inc. v. Kelly, 707 So.2d 863, 865 (Fla. 3d DCA 1998) (although the trial court did not consider Kinney factors in denying plaintiffs' motion to dismiss based *108 on forum non conveniens, based on the record before the district court, it reviewed the trial court's order and concluded "that this case should and must be dismissed for forum non conveniens"); see also Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 410 (Fla. 3d DCA 2005) (stating that review of the lower court's forum non conveniens decisions "has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge's analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions") (citing Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111, 115 (Fla. 3d DCA 2002) (Sorondo, J., specially concurring)).
In Kinney, the Florida Supreme Court set forth the following four-step analysis to employ when determining whether an action should be dismissed based on forum non conveniens:
[1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of private interests, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interests tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a . . . forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
Kinney, 674 So.2d at 91 (quoting Pain v. United Techs. Corp., 637 F.2d 775, 784-85 (D.C.Cir.1980)).[1] After subjecting the undisputed facts to the analysis enunciated in Kinney, we conclude that the trial court erred in denying the defendants' motion to dismiss based on forum non conveniens.
The first factor enunciated in Kinney, the availability of an adequate alternative forum, is normally satisfied if all of the parties are "`amenable to process' in the other jurisdiction. In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." Kinney, 674 So.2d at 90 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (citation omitted)).
In the instant case, the parties agree that both defendants are "amenable to process" in Tennessee. The plaintiff, however, argues that Tennessee is not an adequate alternative forum because her *109 remedy as to Publix is unsatisfactory. Specifically, the plaintiff argues that she has sued Publix for negligence and strict liability, and under section 29-28-106 of the Tennessee Code (2006),[2] Publix, as the seller of the cigarettes, is immune from liability under the plaintiff's negligence theory. Contrary to the plaintiff's assertion, an alternative forum is not inadequate because legal theories or damages in the chosen forum are unavailable in the proposed alternative forum. As explained in Kinney, an alternative forum is not unsatisfactory "merely because the available legal theories or potential recovery there are less generous than those available where suit was brought. Rather, the alternative [forum is] inadequate under the doctrine only if the remedy available there clearly amounts to no remedy at all." Kinney, 674 So.2d at 90; see Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552 (Fla. 4th DCA 1998) (holding that Georgia is adequate forum even though dangerous instrumentality doctrine was unavailable). Because the plaintiff may sue Publix in Tennessee for breach of express or implied warranties, we conclude that Tennessee is an adequate, alternative forum.
Next, under Kinney, the relevant factors of private interest, which has been "termed the `balance of private conveniences,'" must be considered. Kinney, 674 So.2d at 91. In evaluating the private interest factors, there is a strong presumption against disturbing the plaintiff's choice of forum. Kinney, 674 So.2d at 90. However, that presumption is given less deference when the plaintiff chooses to litigate in a foreign forum. See Piper Aircraft, 454 U.S. at 255-56, 102 S.Ct. 252 (holding that "[w]hen [a plaintiff's] home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference").
In the instant case, the plaintiff, who resides in Tennessee, chose to file her lawsuit in Florida, a foreign forum. Although there is a strong presumption against disturbing the plaintiff's choice of forum, as the plaintiff does not reside in Florida, her choice of Florida as the desired forum in which to litigate her claims deserves less deference. Moreover, the private interest factors clearly favor Tennessee over Florida as the majority of the witnesses and evidence are located in Tennessee. The decedent was diagnosed and treated in Tennessee, and thus, any medical evidence relating to his lung cancer diagnosis and treatment are located in Tennessee. Additionally, although Publix is a Florida corporation, its liability in this action is highly questionable and solely derivative. Witnesses and evidence relevant to this claim will be minimal when compared to the witnesses and evidence located outside of Florida. Further, any judgment obtained in Tennessee is enforceable against the defendants. Therefore, Tennessee is clearly a more convenient forum in which to litigate this case.
As to the third factor, Kinney states that "[i]f the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine *110 whether or not factors of public interests tip the balance in favor of a trial in [another] forum." Kinney, 674 So.2d at 91 (quoting Pain, 637 F.2d at 784-85). While our conclusion that the factors of private interest are not in equipoise or near equipoise eliminates the need to address the public interests factor, we will briefly do so. This "inquiry focuses on `whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it.'" Kinney, 674 So.2d at 92 (quoting Pain, 637 F.2d at 791).
[There are] three principles to be considered in evaluating public interest factors. First, courts can protect their dockets from cases over which they may be able to assert jurisdiction but which lack significant connection to the forum. Second, courts can legitimately encourage the litigation of controversies in the localities in which they arose. And third, a court may validly consider its familiarity with the law which will have to be applied in considering whether to retain jurisdiction over a case.
Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1124 (Fla. 4th DCA 1997) (citing Kinney, 674 So.2d at 92).
In applying these principles, there is no doubt that the plaintiff's litigation has a connection to Florida as the decedent purchased and smoked cigarettes in Florida for approximately thirty years, and the plaintiff has filed suit against a Florida corporation. However, the decedent in this case smoked cigarettes for over fifty years, and therefore, purchased and smoked cigarettes in numerous states, including Tennessee. More importantly, when the decedent was diagnosed with lung cancer, he was no longer living in Florida and had been residing in Tennessee for approximately seven years. The decedent was treated in Tennessee and eventually died in Tennessee. Based on these facts, we conclude that the plaintiff's action lacks a significant connection to Florida.
Lastly, the fourth Kinney factor has been satisfied as the defendants filed a stipulation in support of their motion to dismiss, which provides, "[i]f the Court dismisses this action based on forum non conveniens, [RJR] and Publix will three the [plaintiff's] action in Tennessee as though it had been filed on the date it was filed in this court and with the service of process accepted as of that date."
Accordingly, we reverse the order under review and remand for entry of an order granting the defendants' motion to dismiss based on forum non conveniens.
Reversed and remanded.
NOTES
[1] These factors were later codified in Florida Rule of Civil Procedure 1.061, which provides as follows:

(a) Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
[2] Section 29-28-106 of the Tennessee Code, provides: "No `product liability action' . . . shall be commenced or maintained against any seller when the product is acquired and sold by the seller in a sealed container and/or when the product is acquired and sold by the seller under circumstances in which the seller is afforded no reasonable opportunity to inspect the product. . . . The provisions of the first sentence of this subsection shall not apply to . . . [a]ctions based upon a breach of warranty, expressed or implied. . . ."