983 So.2d 750 (2008)
KERZNER INTERNATIONAL RESORTS, INC. and Kerzner International Marketing, Inc., Appellants,
v.
Leane RAINES and Warren Raines, Appellees.
No. 3D07-1078.
District Court of Appeal of Florida, Third District.
June 11, 2008.
*751 Akerman Senterfitt, Bruce S. Liebman, Michelle I. Bougdanos, and Marc J. Gottlieb, Fort Lauderdale, for appellants.
Billbrough & Marks and Geoffrey B. Marks, Coral Gables, for appellees.
Before WELLS and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Kerzner International Resorts, Inc. and Kerzner International Marketing, Inc. ("Kerzner") appeal a non-final order denying their motion to dismiss on grounds of forum non conveniens. We reverse the trial court's order denying Kerzner's motion to dismiss.
Leane Raines and her husband, Warren Raines, both Illinois residents, filed a personal injury action in Circuit Court in Miami-Dade County, Florida, against Kerzner for injuries Leane claims to have sustained as a result of an accident which occurred while she was a guest at a Kerzner resort in the Bahamas. Kerzner maintains an office in Florida for the purpose of marketing and promoting its business pursuant to a joint venture. The only eyewitness to the accident was the Raineses' daughter who, at the time of the appeal, had applied to the University of Miami for her undergraduate schooling. The Raineses were attempting to establish residency in Miami-Dade County at the time of the litigation. Ms. Raines' attorney and her treating physician are located in Miami-Dade County. The investigation of the accident took place in the Bahamas. Ms. Raines' caregivers after the accident, some medical personnel and resort maintenance personnel as well as investigators were all located in the Bahamas. Kerzner filed a motion to dismiss the lawsuit based on the doctrine of forum non conveniens to have the cause removed from Miami-Dade County Circuit Court to the jurisdiction of the Bahamas. The trial judge denied the motion. Kerzner appeals.
Generally, a trial court's decision regarding forum non conveniens is reviewed for abuse of discretion. See WEG Industrias., S.A. v. Compania De Seguros Generales Granai, 937 So.2d 248 (Fla. 3d DCA 2006); Club Med Brasil, S.A. v. Sicurella, 921 So.2d 49 (Fla. 3d DCA 2006). In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 90 (Fla.1996), the Florida Supreme Court set forth a four-step analysis to determine whether an action should be dismissed on forum non conveniens grounds: (1) The court must establish whether an adequate alternate forum exists to try the case. (2) The trial judge must consider all relevant factors of private interest while recognizing the strong presumption against disturbing the plaintiffs' initial choice of forum. (3) If the trial judge finds the balance of private interests in equipoise or near equipoise, he must determine whether the factors of public interest tip the balance in favor of *752 another forum. (4) If the trial judge decides that the balance favors another forum, he or she must ensure that plaintiffs can reinstate their suit in the other forum without undue inconvenience or prejudice.
In this case, we find that the trial court correctly determined, in step one of the Kinney test, that the Bahamas is an alternate forum where this case could be heard. It is next necessary under Kinney to analyze the relevant factors of private interest. In evaluating the private interest factors, we recognize that there is a strong presumption against disturbing the plaintiffs' choice of forum. Kinney, 674 So.2d at 90. However, that presumption is given less deference when the plaintiffs are out-of-state residents. See, e.g., R.J. Reynolds Tobacco Co. v. Carter, 951 So.2d 105 (Fla. 3d DCA 2007); Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552 (Fla. 4th DCA 1998). Mr. and Mrs. Raines are not Florida residents, but are residents of the State of Illinois. Therefore, their choice of a Florida forum is given some deference, but it is not enough to outweigh the other factors which need to be considered. The scene of the accident is in the Bahamas. The availability of the medical witnesses and those who first provided care for Ms. Raines after her accident are in the Bahamas. The documentation resulting from the investigation of the resort's operation, facts pertaining to the control and maintenance of the site of the accident and the location of the investigators who compiled the accident reports are all in the Bahamas. Thus, even with deference to the plaintiffs' choice of forum, the private interest factors favor the Bahamian jurisdiction to hear this case.
Although we do not need to address step three and could end our analysis at this point, see Kinney, 674 So.2d at 91 (finding that the third step of the analysis comes into play only if the competing private interests are substantially in balance in either forum), we recognize that the facts here clearly meet the public factors test of the Kinney analysis. We look to Florida's connection to, and its interest in, the case. See Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300 (11th Cir.2002). Florida courts, unlike federal courts, are permitted to consider only the contacts that a lawsuit has with the State of Florida, not with the United States as a whole, given that "Florida courts' territorial jurisdiction is confined to the state boundaries." Pearl Cruises v. Cohon, 728 So.2d 1226, 1228 n. * (Fla. 3d DCA 1999). The inquiry for public interest factors focuses on whether the case has a general nexus to the forum sufficient to justify the forum's commitment of judicial time and resources to it. Kinney, 674 So.2d at 92. The only nexus that the State of Florida has to this action is that Ms. Raines' treating physician and attorney are located in Florida, and the companies which provide marketing services for the Bahamian resort are located in Florida. These factors do not constitute a sufficient nexus to justify jurisdiction in Florida, particularly where the plaintiffs are out-of-state residents, and all other aspects of the case, as detailed above, are located in the Bahamas. See R.J. Reynolds, 951 So.2d at 109; WEG Industrias, 937 So.2d at 254-55. Finally, since Kerzner has stipulated that the action will be treated in the Bahamian forum as though it had been filed there on the date it was filed in Florida with service of process accepted as of that date, the action can be reinstated in the Bahamas without any undue inconvenience or prejudice to Leane and Warren Raines. See Kinney, 674 So.2d at 93.
After analyzing all four factors used to determine if dismissal is appropriate under the doctrine of forum non conveniens pursuant *753 to Kinney,[1] we find that the trial court abused its discretion in not dismissing the action on forum non conveniens grounds.
We therefore reverse the trial court's order to allow for dismissal on forum non conveniens grounds and for removal to the jurisdiction of the Bahamas.
Reversed and remanded with directions.
NOTES
[1] We note that the trial court relied, in part, on Ward v. Kerzner International Hotels, Ltd., 18 Fla. L. Weekly Fed. D506, 2005 WL 2456191 (S.D.Fla. March 30, 2005), in denying the motion to dismiss for forum non conveniens. Because the focus in federal court changes from the connection and interest of the litigation to Florida to the connection of the case to the United States as a whole, the trial judge's reliance on the federal standard was misplaced.