997 So.2d 1133 (2008)
RYDER SYSTEM, INC., a Florida corporation, and Ryder Integrated Logistics, Inc., a Delaware corporation, Appellants,
v.
Thomas Jeffrey DAVIS and Judy K. Davis, his wife, individually and as parents, natural guardians, and next friends of Jeffrey Scott Davis, Thomas Brett Davis, and Jenna Elise Davis, Appellees.
No. 3D08-1447.
District Court of Appeal of Florida, Third District.
November 12, 2008.
Rehearing and Rehearing En Banc Denied January 6, 2009.
Gaebe, Mullen, Antonelli, Esco & Di-Matteo and Greg M. Gaebe, Coral Gables, for appellants.
Don Russo; Elizabeth K. Russo, Miami, for appellees.
*1134 Before COPE, CORTIÑAS, and LAGOA, JJ.
COPE, J.
This is an appeal of an order denying a motion to dismiss for forum non conveniens under Florida Rule of Civil Procedure 1.061. We write to address this court's standard of review of orders granting or denying such a motion.
The standard of review is abuse of discretion. That is the standard stated in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 90-92 (Fla.1996), and is the standard of review specified in the Court Commentary to Rule 1.061 ("Orders granting or denying dismissal for forum non conveniens are subject to appellate review under an abuse-of-discretion standard.").
There has been some confusion because this court has recognized a limited exception where (a) the trial court did not address all of the Kinney factors, and (b) this court addressed the remaining Kinney factors for the first time on appeal. In that specific scenario, we have said that our court's consideration of the previously unaddressed Kinney factors is de novo.
This limited exception was initially described in Judge Sorondo's concurring opinion in Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111, 115-17 (Fla. 3d DCA 2002). In that case the trial court had addressed only the first Kinney factor, and concluded that there was no adequate alternative forum. The trial court denied the motion and did not address the remaining three Kinney factors.
On appeal, this court concluded that the trial court had been in error on the first factor. Because there were no disputes in the factual record, this court was in a position to address the remaining Kinney factors and elected to do so in the interest of judicial economy and efficiency. Judge Sorondo reasoned that when this court reached the remaining Kinney factors, this court was reviewing those factors de novo. Id. at 116.
Relying on Judge Sorondo's concurrence, this court repeated the point in Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 410-11 (Fla. 3d DCA 2005): "[R]eview of the Kinney standard has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge[']s analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions." See also WEG Industrias, S.A. v. Compania de Seguros Generales Granai, 937 So.2d 248, 253 (Fla. 3d DCA 2006) ("We review the trial court's decision regarding forum non conveniens for abuse of discretion. `Nevertheless, review of the Kinney standard has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge's analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions.'") (citation omitted); Bacardi v. Lindzon, 728 So.2d 309, 312 (Fla. 3d DCA 1999) ("No bright-line rule exists to mandate reversal of the order and remand when the trial court fails to delineate its reasoning as to each step in the Kinney analysis. Moreover, such action is unnecessary where, as here, the record and the order are sufficient to enable this court to determine that the trial court complied with Kinney, allowing a review of its ruling notwithstanding the absence of a point-by-point analysis of the Kinney criteria."), decision approved on other grounds, 845 So.2d 33, 40 (Fla.2002).
Because the discussions in Kawasaki, WEG, and Bacardi are somewhat general, our pronouncements have led to a misimpression that this court is following a de novo standard of review in any forum non *1135 conveniens case in which the factual record is undisputed. That is not so.
As already stated, the Florida Supreme Court has specified that the standard of review is abuse of discretion, and we follow that standard. The only exceptiona limited oneis when the trial court did not address (and therefore did not exercise any discretion) regarding one or more of the Kinney factors. In that situation, this court has the latitude to address the previously-unaddressed Kinney factors for the first time on appeal in the interest of judicial economy and efficiency.
The Fourth District has correctly said, "Although we acknowledge that the presumption of correctness given to a trial court's rulings is lessened where, as here, the trial court's findings are based on affidavits rather than live testimony, we still give substantial deference to the trial court's decision, where its balancing of the Kinney factors is reasonable." Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So.2d 912, 916 (Fla. 4th DCA 2008) (citations omitted). For practical reasons it is necessary that the rule be as the Fourth District has said. If the review were de novo in every case in which the factual record is based on affidavits rather than live testimony (which is true in almost every forum non conveniens case), the litigants would have an incentive to appeal every forum non conveniens order in hopes that the appellate panel, considering the matter de novo, would reach a different ruling. The abuse of discretion standard is entirely appropriate.
In this case the trial court addressed all of the Kinney factors, and no abuse of discretion has been shown. The appellant correctly points out that paragraph 6 of the order contains an erroneous analysis, but we are satisfied that the trial court would have reached the same conclusion without it.
Affirmed.