SUAREZ, J.
Shahla M. Rabie Cortez seeks to reverse a non-final order granting the defendants’, Palace Resorts, Inc. et al., motion to dismiss based on forum non conveniens. We affirm.
In 2006, Cortez, a California resident, booked her vacation at the Moon Palace Golf and Spa Resort in Cancún, Mexico through Washington State-based Costco Travel. While at the resort, she went for a massage at the resort spa and was sexually assaulted by the male masseuse. Cortez reported the incident to Resort employees in Mexico, to her travel agent in Mexico, and to the U.S. Consulate in Mexico. She also reported the assault to local Mexican authorities, gave a statement to the Mexican sex crimes unit, and underwent a physical exam in Mexico. Cortez returned to California and subsequently sued Palace Holdings, S.A. and its subsidiaries, Tradeco Ltd. (the travel agent), and Costco (since dismissed) in the 11th Judicial Circuit in and for Miami-Dade County for, among other things, vicarious liability for what she claims is negligent vacation packaging. The defendants filed a motion to dismiss for forum non conveniens claiming Mexico to be the more convenient forum. At the hearing on defendants’ motion, the trial court took evidence in the form of affidavits from both parties and their experts and heard argument from counsel. The trial court granted the motion and dismissed the case, finding in a detailed written order that the defendants had met their burden of proof for demonstrating forum non conveniens pursuant to all of the factors set forth in Kinney Systems., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).[1] We agree.
 The decision to grant or deny a motion to dismiss on the grounds of forum non conveniens rests in the sound discretion of the trial court. See Fla. R. Civ. P. 1.061 (“Orders granting or denying dismissal for forum non conveniens are subject to appellate review under an abuse of discretion standard.”); Ryder System, Inc. v. Davis, 997 So.2d 1133 (Fla. 3d DCA 2008).[2] As this Court correctly articulated *961 in Ryder:
The Florida Supreme Court has specified that the standard of review is abuse of discretion, and we follow that standard. The only exception, a limited one, is when the trial court did not address (and therefore did not exercise any discretion) regarding one or more of the Kinney factors. In that situation, this court has the latitude to address the previously-unaddressed Kinney factors for the first time on appeal in the interest of judicial economy and efficiency.
997 So.2d at 1135. And, “[although we acknowledge that the presumption of correctness given to a trial court’s rulings is lessened where, as here, the trial court’s findings are based on affidavits rather than live testimony, we still give substantial deference to the trial court’s decision, where its balancing of the Kinney factors is reasonable.” Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So.2d 912, 916 (Fla. 4th DCA 2008) (citations omitted). Indeed,
[f]or practical reasons it is necessary that the rule be as the Fourth District [in Bridgestone/Firestone ] has said. If the review were de novo in every case in which the factual record is based on affidavits rather than live testimony (which is true in almost every forum non conveniens case), the litigants would have an incentive to appeal every forum non conveniens order in hopes that the appellate panel, considering the matter de novo, would reach a different ruling. The abuse of discretion standard is entirely appropriate.
Ryder, 997 So.2d at 1135.
The trial court had before it the record, the affidavits of the parties and the parties’ experts, and all of the steps set forth in Kinney were argued at length by both sides at the hearing on the motion to dismiss for forum non conveniens. Each of the Kinney steps was fully addressed by the trial court in the trial court’s Order Granting the Motion to Dismiss on Forum Non-Conveniens, which is the order before us on appeal. Our review of the complaint and affidavits demonstrates that, based on the test set forth in Kinney, Mexico is a more convenient forum to litigate the lawsuit than Florida. We decline to, and based on our standard of review can not, re-weigh the evidence and we conclude that the trial court did not abuse its discretion by granting the defendants’ motion to dismiss on forum non conveniens grounds.[3] *962 -[4] See Ryder, 997 So.2d at 1134-85.
In reviewing the order on appeal we necessarily follow the Kinney guidelines. The first step in the Kinney analysis is to determine whether the alternate forum — in this case, Mexico — is an available and adequate forum for the Plaintiffs action. The foreign forum does not need to be perfect. Absent evidence of extreme partiality or gross inefficiency, a foreign forum is adequate if there is a satisfactory remedy and the defendant is amenable to process.[5] See Hilton Int’l Co. v. Carrillo, 971 So.2d 1001, 1005 (Fla. 3d DCA, 2008). “[A] foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American Court.” Ciba-Geigy, Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1115 (Fla. 4th DCA 1997); see also Diatronics, Inc. v. Elbit Computers, Ltd., 649 F.Supp. 122, 127 (S.D.N.Y.1986) (holding that “the prospect of a lesser recovery does not justify refusing a motion to dismiss on the ground of forum non conveniens”).
We note that, although procedures and remedies available in Mexico may be different from or offer a less favorable outcome than our courts, this is not enough to render Mexico an inadequate forum under Kinney. Defendants’ expert opined that the cause of action being brought by Cortez could also be brought in Mexico and that monetary damages could be awarded. Cortez argues that Mexico is not adequate because she cannot obtain the services of an attorney on a contingent fee basis. Although disputed by the Plaintiffs expert, the inability to obtain an attorney on a contingent fee basis does not render the foreign forum inadequate.[6] See Resorts Int’l, Inc. v. Spinola, 705 So.2d 629 (Fla. 3d DCA 1998) (finding that plaintiffs inability to obtain contingent fee arrangement in the foreign forum was not relevant to forum non conveniens analysis); see e.g., Coakes v. Arabian Am. Oil Co., 831 F.2d 572, 575 (5th Cir.1987) (holding that the lack of a contingent-fee system is not a determinative factor in the forum non conveniens analysis).
Regarding the private interests involved, we recognize and agree with the trial court that there is a strong presumption against disturbing a plaintiffs choice of forum. Kinney, 674 So.2d at 90. But *963 that presumption is given less deference when, as here, the plaintiff is an out-of-state resident with very little, if any, contact with Florida. See Kerzner Int’l Resorts, Inc. v. Raines, 983 So.2d 750, 751 (Fla. 3d DCA 2008). Even with deference to the Plaintiffs choice of forum, the private interest factors weigh more heavily in favor of proceeding against the defendants in Mexico. The Appellant, a California resident, chose to file suit in Florida, a forum that is not her residence; thus, she is not entitled to a strong presumption in favor of Florida as her initial forum choice. Without this strong presumption, the private interests clearly favor dismissal and resolution in a Mexican forum where the most significant evidence and witnesses are located.[7] See Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552, 555 (Fla. 4th DCA 1998) (holding that the strong presumption against disturbing plaintiffs’ initial forum choice diminishes where the plaintiff has chosen a foreign forum that is not convenient for the plaintiff).
Because the trial court’s balancing of the initial Kinney factors weighs strongly in favor of Mexico, we need not go further in our analysis. Kinney, 674 So.2d at 92 (finding that the third step of the analysis comes into play only if the competing private interests are substantially in balance in either forum). But we do agree with the trial court that the next Kinney element, the public interest concerns, also points toward Mexico as the most favorable forum. The public interest factors in a forum non conveniens analysis, in broad terms, focus on whether the case has a general nexus with the forum sufficient to justify the forum’s commitment of judicial time and resources to it. Kawasaki Motors Corp. v. Foster, 899 So.2d 408 (Fla. 3d DCA 2005) (holding that the public interest will be served by transferring jurisdiction to either the state where the plaintiff resides, which has a greater interest in protecting its vacationing residents, or to the foreign forum that has a significant interest in punishing a wrongdoer within its jurisdiction and ensuring the safety of those who visit its resorts); Ciba-Geigy, Ltd., 691 So.2d at 1124 (finding that courts can protect their dockets from cases over which they may be able to assert jurisdiction but which lack significant connection to the forum, encourage the litigation of controversies in the localities in which they arose, and consider familiarity with the law which will be applied in considering whether to retain jurisdiction). Cortez claims that the defendants’ corporate headquarters are located in Florida and that the alleged negligent marketing of the vacation package occurred in Florida. The record indicates that Palace Resorts, Inc. is a Delaware corporation that provides marketing, reservations and booking services for the Moon Palace Resort in the U.S., and had no ownership or management role in the Mexican resort. The record shows that Palace Resorts, LLC, similarly had no role in operating, managing or hiring for the Moon Palace Resort in Mexico. Tradeco, Inc., a travel agency, is a Cayman Islands corporation that had no role in operating, marketing, managing or recruiting personnel for Moon Palace Resort in Cancún, Mexico. These entities’ location in Florida does not provide a general nexus to Florida sufficient to outweigh the other Kinney factors. See Tananta v. Cruise Ships Catering & Servs. Int’l, N.V., 909 So.2d 874 (Fla. 3d DCA 2004) (finding *964 that the location of a corporate marketing arm in Florida was of no consequence in analyzing forum non convenience where it had nothing to do with the tort in the foreign forum); see also Bautista v. Cruise Ships Catering & Servs. Int'l., N.V., 350 F.Supp.2d 987, 991 (S.D.Fla.2003) (“In today’s climate of worldwide economics and the internet, there are few companies that have no connection with the United States. However, such a connection alone is insufficient to justify the United States’ becoming the Court for all tort disputes in the world.”). This is so particularly where the plaintiff is not a Florida resident and this action, which is essentially a tort action, finds most of the witnesses and documents necessary for trial to be located in the foreign forum. See Kerzner, 983 So.2d at 752.
We agree with the trial court’s analysis and application of the Kinney factors to the facts of this case and conclude that the court did not abuse its discretion by dismissing the action for forum non conve-niens.
Affirmed.
SHEPHERD, J., concurs.

. The Florida Rules of Civil Procedure added Rule 1.061 after Florida’s adoption of the federal doctrine of forum non conveniens in Kinney. The Florida Supreme Court in Kinney set forth a four-step analysis to determine whether an action should be dismissed on forum non conveniens grounds: (1) The court must establish whether an adequate alternate forum exists to try the case; (2) The trial judge must consider all relevant factors of private interest while recognizing the strong presumption against disturbing the plaintiffs' initial choice of forum; (3) If the trial judge finds the balance of private interests in equipoise or near equipoise, he or she must determine whether the factors of public interest tip the balance in favor of another forum; and (4) If the trial judge decides that the balance favors another forum, he or she must ensure that plaintiffs can reinstate their suit in the other forum without undue inconvenience or prejudice. The Court Commentary to the Rule states that Rule 1.061 should be interpreted in light of Kinney.

. The dissent misapplies Judge Sorondo’s concurrence in Aerolineas Argentinas, S.A. v. *961 Gimenez, 807 So.2d 111 (Fla. 3d DCA 2002), to suggest that that this Court must follow a mixed abuse of discretion/de novo standard of review in any forum non conveniens case in which the factual record is based on affidavits rather than live testimony. In Aerolíneas, Judge Sorondo stated that,
[i]n Kinney, the Florida Supreme Court adopted the federal test for forum non con-veniens determinations and held that a trial court's ruling granting or denying a motion to dismiss on these grounds would be reviewed under an abuse of discretion standard. 674 So.2d at 93-94. This has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge’s analysis and whether the appellate record is sufficient to allow reviewing courts to reach their own conclusions.
See also Bacardi v. Lindzon, 728 So.2d 309, 312 (Fla. 3d DCA 1999); Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 410-11 (Fla. 3d DCA 2005); WEG Industrias, S.A. v. Compania De Seguros Generales Granai, 937 So.2d 248, 253 (Fla. 3d DCA 2006). But this describes only a limited exception where the trial court did not address all of the Kinney factors, and where the reviewing court addressed the remaining factors for the first time on appeal. Ryder System, Inc. v. Davis, 997 So.2d 1133 (Fla. 3d DCA 2008). Otherwise, the standard of review remains abuse of discretion.

. See In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147, 1165 (5th Cir.1987), the United States Court of Appeals for the Fifth Circuit defined the trial court’s duty in this area as follows:
While we recognize that the decision to grant or deny a motion to dismiss for forum *962 non conveniens is within the discretion of the district court, it should be an exercise in structured discretion founded on a procedural framework guiding the district court’s decisionmaking process .... our duty as an appellate court in reviewing forum non conveniens decisions is to review the lower court's decisionmaking process and conclusion and determine if it is reasonable; our duty is not to perform a de novo analysis and make the initial determination for the district court.

. The alleged false representations referred to in the dissent were all part of the record and were before the trial court. It is not within our standard of review to analyze and reweigh this evidence.

. According to Rule 1.061, the defendants are deemed to automatically stipulate that the action will be treated in Mexico as if it had been filed in Mexico on the same date it was actually filed in Florida. Also, the defendants in this case have all agreed to submit to the jurisdiction of Mexico. See Mursia Invs. Corp. v. Industria Cartonera Dominicana, 847 So.2d 1064, 1067 (Fla. 3d DCA 2003).

." ‘Private interests’ do not involve consideration of the availability or unavailability of advantageous legal theories, a history of generous or stingy damage awards, or procedural nuances that may affect outcomes but that do not effectively deprive the plaintiff of any remedy. Indeed, it is entirely irrelevant that the alternative forum does not duplicate or approximate the American jury system, so long as a fair mechanism for trial exists in a broad and basic sense.” Kinney, 674 So.2d at 91.

. Of significant consideration is the fact that this incident occurred in Mexico; the witnesses and most of the evidence concerning the tort are all located in Mexico. The examining doctor and his report are in Mexico, the American Consulate report and the police report are located in Mexico, and the hotel employees associated with the event are all likely to be residents of Mexico.