EMAS, J.
In this consolidated action, Rolls Royce, Inc., Simmonds Engine Precision Products, Inc., Goodrich Pump & Engine Control Systems, Inc., and Bell Helicopter Textron, Inc. appeal the trial court’s non-final order denying their motion to dismiss based upon forum non conveniens. For the reasons which follow, we reverse.
These claims arose when a helicopter, owned by the Mexican government and piloted by Oscar Garardo Posadas Garcia *858 (“Garcia”) crashed on April 11, 2006, in Morelia, Mexico, injuring Garcia and his two passengers, Jesus Alberto Juarez Car-bajal and Jorge Antonio Carbajal Mora.[1] All of the plaintiffs are Mexican citizens.
The subject helicopter, a Bell Model 407, was designed and manufactured by Bell Helicopter Textron, Inc. (“Bell”). Rolls Royce, Inc. (“Rolls-Royce”), manufactured the helicopter’s engine, and various sub-component parts of the engine were manufactured by Goodrich Pump & Engine Control Systems (“Goodrich”) and Sim-monds Engine Precision Products, Inc. (“Simmonds”). The helicopter was owned and operated by the State of Michoacan, Republic of Mexico, and was used for emergency medical services.
Plaintiffs, all of whom are represented by the same law firm, filed their complaints in the Eleventh Judicial Circuit,[2] and each alleged the crash was caused when the subject helicopter’s engine and its FADEC (Full Authority Digital Engine Control) system and associated components and wiring harness failed due to the negligent design, manufacture, sale and negligent inspection, testing, maintenance, modification and/or repair by the defendants. The complaints also included counts for strict liability against each defendant.
Rolls-Royce filed a motion to dismiss for forum non conveniens, asserting the case should be reinstated in Mexico, the site of the crash and the home of the plaintiffs. The other defendants (Bell, Goodrich and Simmonds) joined in Rolls-Royce’s motion to dismiss.
None of the defendants is incorporated in Florida, nor does any defendant maintain a principal place of business in Florida.[3] The helicopter and all of its engine components were designed, manufactured and assembled in either Canada or in the states where the defendants operate their businesses. At no time was the helicopter (or any of its component parts) in the state of Florida. After the sale of the helicopter, maintenance and repair were performed in the State of Michoacan (Mexico). Rolls-Royce asserted that, because the litigation has no connection to Florida, and no witnesses or documents are located here, Mexico is a “far more convenient forum for this litigation”, and dismissal is mandated under Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). The defendants neither sought to remove the case to federal court nor agreed to a transfer of the case to another United States jurisdiction (such as Texas, Indiana or Connecticut).
In response, plaintiffs argued they should not be denied their choice of forum against four United States corporations that conduct their business from the United States. Further, plaintiffs pointed out, a “significant portion” of evidence in this case is located in Florida because plaintiffs’ counsel has litigated multiple other cases involving problems with the Bell 407 helicopter and there are “boxes upon boxes” of documents and deposition transcripts from those other cases located in *859 the Miami office of plaintiffs’ counsel. Plaintiffs also noted that because Rolls-Royce and Bell sent representatives to assist the Mexican government in the crash investigation, and the subject engine was shipped to the defendants’ United States facilities for inspection, other evidence (all written in English) and witnesses exist in the United States. Therefore, plaintiffs argued, Mexico is an inconvenient forum, and litigating in Florida will not be an injustice to the defendants, who chose to incorporate in the United States.
After a hearing,[4] the trial court entered an order, analyzing the applicable Kinney factors, and found that neither private nor public interest factors weighed in favor of dismissal because the parties “will have greater access to important witnesses and documents and the procurement and presentation of relevant evidence will be less costly and more efficient.” The court declined to disturb the plaintiffs’ forum choice, and denied defendants’ motion to dismiss for forum non conveniens. This appeal followed.
We review the trial court’s order denying a motion to dismiss for forum non conveniens under an abuse of discretion standard. Fla. R. Civ. P. 1.061(a); Rabie Cortez v. Palace Holdings, S.A., 66 So.3d 959 (Fla. 3d DCA 2011).[5]
The Florida Supreme Court, “out of growing concern that Florida was becoming a ‘courthouse for the world’ ... adopted the federal forum non conveniens standard” in Kinney. Hilton Int’l Co. v. Carrillo, 971 So.2d 1001, 1004 (Fla. 3d DCA 2008). Under this standard, a trial court presented with a forum non conve-niens motion must consider: 1) whether an adequate alternative forum exists which has jurisdiction over the case; 2) all relevant private interests, keeping in mind the “strong presumption against disturbing plaintiffs’ initial forum choice”; 3) if the balance of private interests is in or near equipoise, whether relevant public interests tip the scale in favor of another forum; and 4) if the balance favors an alternative forum, the court must ensure that plaintiffs can bring suit in the alternative forum. Kinney, 674 So.2d at 90.

The Kinney Factors

1. Adequate and Available Alternative Forum

The parties agree that Mexico is both an adequate and available alternative forum.[6] Thus the first and fourth Kinney factors require no further discussion, and we consider the second Kinney prong: private interests.

2. Private Interests Factor

This term “encompasses four broad ‘practical’ concerns: adequate access *860 to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with this litigation.” Id. at 92. In considering private interests, the court must follow the general rule that there is a strong presumption against disturbing the plaintiffs choice of forum, and this “presumption can be defeated only if the relative disadvantages to the defendant’s private interests are of sufficient weight to overcome this presumption.” Id. However, the presumption normally accorded a plaintiffs choice of forum “is given less deference when, as here, the plaintiff is an out-of-state resident with very little, if any, contact with Florida.” Rabie Cortez, 66 So.3d at 963; Kerzner Int’l Resorts, Inc. v. Raines, 983 So.2d 750 (Fla. 3d DCA 2008). As we previously have observed:
The deference owed to a plaintiffs choice is at its highest level when that choice was motivated by legitimate reasons, i.e., the plaintiffs convenience and the ability to obtain jurisdiction over the defendant. Iragorri v. United Techs. Corp., 274 F.3d 65, 73 (2d Cir.2001). Of course, bona fide connections to the forum of choice further serve to strengthen the deference given to a plaintiffs choice. Id. Conversely, this deference dissipates if a plaintiffs forum choice was made in the absence of such connections. Id.; See Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64 (2d Cir.2003).
Hilton, 971 So.2d at 1007.
The instant case involves foreign plaintiffs who have no connection to Florida. The only connection to Florida is that plaintiffs’ counsel is situated here and maintains in his office documents from other cases which they intend to use to establish liability in this case.
Conversely, several private interest factors weigh in favor of a Mexican forum. First, the accident occurred in Mexico. See e.g., Kerzner, 983 So.2d at 752. The accident was investigated by the Mexican Civil Aviation Authority, who has (or will) issue its investigative report at the conclusion of the investigation. This document undoubtedly will be written in Spanish. The helicopter’s maintenance records, and the traffic control authority records, are in Spanish. The plaintiffs’ medical records are in Spanish. All of these documents will require translation into English.
Furthermore, in addition to the fact that the plaintiffs and their family members are Mexican citizens, all the damages witnesses are located in Mexico. This includes the plaintiffs’ physicians and employers, who likely speak only Spanish, and would not be subject to a Florida court’s subpoena power. See § 48.193, Fla. Stat. (1995).
Noteworthy in the trial court’s order is the failure to recognize that a Florida forum still would present significant expense to the parties. While the trial court correctly noted there are liability witnesses in the United States, the fact remains that there are no liability (or damages) witnesses located in Florida. Given the absence of any connection to Florida, pretrial discovery in this Florida forum would require extensive travel throughout the United States (Texas, Indiana, Connecticut), Canada, and Mexico.
In analyzing access to proof and litigation expense, the trial court focused on the boxes of documents plaintiffs have acquired in similar but unrelated lawsuits, and the expense of translating these documents into Spanish. In doing so, the trial court assumed, but did not determine, the admissibility of these documents at a trial of this cause. Moreover, the expense associated with translation of these documents *861 (assuming their admissibility) is comparable to the Spanish-to-English translation expense facing defendants should the case be litigated in Florida.
 We conclude that the trial court abused its discretion in its determination that the private interests weighed in favor of a Florida forum. On balance, the factors of convenience, access, proof, and expense, weigh in favor of a Mexican forum. Even if we were to conclude that the private interest factors are at or near equipoise, consideration of Kinney’s third factor (public interests) unquestionably tips the scales in favor of another forum.[7]

3. Public Interests Factor

“In broad terms, th[is] inquiry focuses on “whether the case has a general nexus with the forum sufficient to justify the forum’s commitment of judicial time and resources to it.’ ” Kinney, 674 So.2d at 92. The trial court found that the public interest factors in this case also support a denial of the motion to dismiss. The court’s conclusion, however, was not based upon any connection the case has with Florida, but instead, its connection with other parts of the United States. The trial court found that because the defendants “refused” to transfer the case to another state with a connection to this case, “it does not seem unreasonable to aggregate all U.S. contacts as the Court would do were this a federal case.” That conclusion, however, ignores this Court’s precedent. See Pearl Cruises v. Cohon, 728 So.2d 1226, 1228 (Fla. 3d DCA 1999) (finding plaintiffs contention that a Florida court must aggregate all of a lawsuit’s U.S. contacts in deciding whether to grant a motion to dismiss for forum non conveniens “is without merit”); Kerzner, 983 So.2d at 752 (“Florida courts, unlike federal courts, are permitted to consider only the contacts that a lawsuit has with the State of Florida, not with the United States as a whole.”).
Therefore, a trial court must consider the connection a particular case has with the forum, which in this case is Florida. See Kerzner, 983 So.2d at 752 (“We look to Florida’s connection to, and its interest in, the case.”); Kawasaki, 899 So.2d at 412 (reversing denial of motion to dismiss where there was “practically no connection to Florida” and holding the public interest will be better served by transferring the case to Illinois, where plaintiffs reside or to Jamaica, where the incident occurred).
We find that the trial court erred in aggregating all United States contacts, and in its erroneous determination that the public interests favored a Florida forum. Indeed, it is clear from the record in this case that this lawsuit has no connection with the state of Florida, save for plaintiffs’ choice of counsel and counsel’s collection of documentation from similar but unrelated lawsuits.
As was recognized by our high court in Kinney: “Nothing in our Constitution compels the taxpayers to spend their money even for the rankest forum shopping by out-of-state interests.” Kinney, 674 So.2d at 93. The trial court abused its discretion in denying defendants’ motion to dismiss for forum non conveniens.
*862 Reversed and remanded with directions to the trial court to enter an order granting the motion to dismiss.

. Additional plaintiffs include the wives of Garcia and Carbajal, who sued for loss of consortium.

. Each couple filed their own complaint against the same defendants, but the cases were consolidated by the trial court for pretrial purposes.

.Rolls-Royce is incorporated in Delaware and has its principal place of business in Indianapolis, Indiana. Bell is also a Delaware corporation and has its principal place of business in Hurst, Texas. Goodrich, another Delaware corporation, has its principal place of business in West Hartford, Connecticut. Simmonds is a New York corporation.

. The motion was decided upon the submission of affidavits rather than live testimony. While we give substantial deference to the trial court's determination, the presumption of correctness is lessened when the findings are based upon affidavits rather than live testimony. Rabie Cortez v. Palace Holdings, S.A., 66 So.3d 959 (Fla. 3d DCA 2011); Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So.2d 912, 916 (Fla. 4th DCA 2008).

. We have recognized a limited exception where the trial court did not address (and therefore did not exercise any discretion regarding) one or more of the Kinney factors. In such a situation, and assuming a sufficient appellate record, we may review and address de novo the previously-unaddressed Kinney factors for the first time on appeal, in the interest of judicial economy and efficiency. Cortez, 66 So.3d at 961; Ryder System v. Davis, 997 So.2d 1133 (Fla. 3d DCA 2008).

.Further, the defendants have each waived any statute of limitations bar or jurisdictional defenses to an action brought in Mexico. Thus, it has been conceded by plaintiffs (and determined by the trial court) that the first and fourth prongs of Kinney were established.

. This "third step in the analysis comes into play only if, in weighing the opposing parties’ private interest factors, the trial court finds them to be at or near equipoise, after taking into account the presumption favoring the plaintiff's choice of forum.” Kinney, 674 So.2d at 91. Equipoise means "the competing private interests are substantially in balance in either forum.” Id.