AMENDED OPINION
PER CURIAM.
Upon the Court’s own motion, the mandate issued in this case on December 4, 2013 is recalled. This Court’s opinion dated November 13, 2013 is vacated and this Amended Opinion is issued in its stead.
Vladislav Sazonov, the father, appeals the non-final order denying his motion to dismiss for forum non conveniens. Olga Karpova, the mother, is a' citizen of Russia who had a child by the father in Russia over seventeen years' ago. The mother petitioned to establish paternity, and sought an award of prospective and retrospective child support. Because the mother is a plaintiff from another country with little to no connection to Florida, the father argues that the mother was not entitled to the presumption in favor of the plaintiffs forum choice in a forum non conveniens analysis. We agree.
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), the Supreme Court established a "four-step analysis to resolve issues of forum non conveniens. This analysis was codified by Florida Rule of Civil Procedure 1.061. That rule requires a court to consider:
(1) whether an adequate alternative forum exists that has jurisdiction over the whole case, including all of the parties; ■
(2) all relevant private interests, weighing in the balance the strong presumption against disturbing a plaintiffs forum choice;
(3) if the balance of private interests is at or near equipoise, whether relevant public interests tip the scale in favor of another forum; and
(4) if the balance favors an alternative forum, the court must "ensure that the plaintiff can bring suit in the alternative forum.
Id.; Kinney, 674 So.2d at 90.[1]
The trial court in this case determined that the private interests of the *32 parties were at equipoise, but it appears that the trial court mainly relied upon the general presumption in favor of the plaintiffs forum choice. This presumption, however, is at its strongest when the plaintiffs are citizens, residents, or corporations of this country. Great deference is not afforded plaintiffs from another country. Cortez v. Palace Resorts, Inc., 123 So.3d 1085, 1096 (Fla.2013) (“[E]xcept where the plaintiff is from another country, the presumption in favor of the plaintiffs initial choice of forum is always entitled to great deference.”); see also Rolls-Royce, Inc. v. Garcia, 77 So.3d 855, 860 (Fla. 3d DCA 2012) (holding that plaintiffs from another country were not entitled to the presumption normally accorded a plaintiffs forum choice because they had little, if any, connection to Florida).
The only remaining issue in this case is whether Russia constitutes an adequate alternative forum. We hold that it does. The mother and child reside in Russia; Russia has jurisdiction over the related issues of custody, visitation, and time-sharing; the father recently filed an action for paternity in Russia; the Russian court determined he was the father under Russian law; and the father stated that he has already agreed to submit to the jurisdiction of the Russian court on the remaining matters that are presently before the trial court.
We therefore reverse and remand with instructions that the trial court abate the action, upon the father’s stipulation before the trial court that he will submit to the jurisdiction of the Russian court, to give the father an opportunity to appear and litigate the action before the Russian court. After abatement, upon the trial court’s receipt of satisfactory evidence that the Russian court has accepted jurisdiction of the matter, the Florida action should be dismissed. Should the father fail to submit to the jurisdiction of the Russian court within a reasonable time and provide satisfactory proof thereof, then the abatement shall be lifted and the action shall continue in the trial court.
Reversed and remanded for further proceedings consistent with this opinion.