# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1391
Lower Tribunal No. 17-21958
_____

## Carlos Luis Vasallo Tome, et al.,
Appellants,

vs.

## Victor Herrera-Zenil, etc.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Dorta & Ortega, P.A., and Omar Ortega, Evelyn Reyes and Nicole Ruesca, for appellants.

FORS|Attorneys at Law, and Jorge L. Fors, Jr., for appellee.

Before FERNANDEZ, LOGUE and SCALES, JJ.

SCALES, J.

Carlos Luis Vasallo Tome, Cine Nostalgia, Inc. and Cine Estelar, Inc., the

defendants below, appeal a non-final order denying their Florida Rule of Civil

Procedure 1.061 motion to dismiss on *forum non conveniens* grounds. The order on review is an unelaborated order denying the appellants' rule 1.061 motion "for the reasons stated in the record," which we review for an abuse of discretion. See Rolls-Royce, Inc. v. Garcia, 77 So. 3d 855, 859 (Fla. 3d DCA 2012).

The appellants argue that the trial court denied their rule 1.061 motion, which was supported by affidavits, without conducting the required analysis set forth in Kinney Systems, Inc. v. Continental Insurance Co., 674 So. 2d 86 (Fla. 1996) (codified in rule 1.061). We agree. Where, as here, the trial court's written order failed to set forth any "meaningful analysis" addressing each of the Kinney factors, the hearing transcript on the rule 1.061 motion must reflect that the trial court engaged in "an adequate analysis of the Kinney factors during the hearing itself . . . ." Camperos v. Estrella, 126 So. 3d 351, 351 (Fla. 3d DCA 2013) (quoting ABA Capital Mkts. Corp. v. Provincial de Reaseguros C.A., 101 So. 3d 385, 388 (Fla. 3d DCA 2012)); Levinson & Lichtman, LLP v. Levinson, 35 So. 3d 182, 182 (Fla. 3d DCA 2010) (concluding the trial court abused its discretion in granting a rule 1.061 motion "because neither the order granting the motion nor the hearing transcript on the motion demonstrates the trial court performed a Kinney analysis"). The May 2, 2018 hearing transcript does not reveal a consideration of the Kinney factors.[1]

---

[1] This Court has recognized a limited circumstance that permits *de novo* appellate review where "the trial court did not address (and therefore did not exercise any discretion) regarding one or more of the Kinney factors." Ryder Sys., Inc. v. Davis,

2

The appellants further argue that the trial court should have held an evidentiary hearing to resolve purported conflicts between the parties' competing affidavits. On this point, we disagree. While, on remand, the trial court is free to conduct an evidentiary hearing, the lower court may decide a *forum non conveniens* motion "upon the submission of affidavits rather than live testimony."[2] See Rolls-Royce, Inc., 77 So. 3d at 859 n.4.

Accordingly, we reverse the trial court's order and remand the case so that the trial court may articulate its findings on each of the Kinney factors.

Reversed and remanded for further proceedings consistent with this opinion.

---

997 So. 2d 1133, 1135 (Fla. 3d DCA 2008). "In that situation, this court has the latitude to address the previously-unaddressed Kinney factors for the first time on appeal in the interest of judicial economy and efficiency." Id. We decline the appellants' invitation to conduct a *de novo* review in this case.

[2] In such an instance, the presumption of correctness given the trial court's finding is lessened "because the appellate court has everything the trial court had before it." Woods v. Nova Cos. Belize Ltd., 739 So. 2d 617, 621 (Fla. 4th DCA 1999) (quoting Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So. 2d 1111, 1118 (Fla. 4th DCA 1997)); see Rolls-Royce, Inc., 77 So. 3d at 859 n.4; Ryder Sys., Inc. v. Davis, 997 So. 2d 1133, 1135 (Fla. 3d DCA 2008) ("Although we acknowledge that the presumption of correctness given to a trial court's ruling is lessened where . . . the trial court's findings are based on affidavits rather than live testimony, we still give substantial deference to the trial court's decision, where its balancing of the Kinney factors is reasonable." (quoting Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So. 2d 912, 916 (Fla. 4th DCA 2008)).